J-S63014-19

2020 PA Super 28

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC WATSON | : | |
| | : | |
| Appellant | : | No. 3627 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 27, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003531-2015

BEFORE:  GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

OPINION BY GANTMAN, P.J.E.:                **FILED FEBRUARY 10, 2020**

Appellant, Eric Watson, appeals from the amended judgment of sentence entered in the Philadelphia County Court of Common Pleas, following remand, based on bench trial convictions for one count each of robbery, theft, receipt of stolen property ("RSP"), and simple assault.[1]  We vacate and remand with instructions for resentencing.

The relevant facts and procedural history of this case are as follows.  On March 12, 2015, at approximately 8:00 p.m., Victim was walking home from her daughter's soccer game while texting on her cell phone.  As Victim turned a corner, she noticed Appellant sitting on a step.  Shortly after noticing

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 3921(a), 3925(a), and 2701(a), respectively.

Appellant, Victim sensed he was following her and felt him breathing on her neck. Victim turned around and asked Appellant what he wanted. In response, Appellant asked Victim what she had. Victim noticed a woman pulling out of a nearby parking spot and turned to run toward the woman. As Victim moved away, Appellant grabbed the wallet around Victim's wrist, broke the metal clip, and the wallet fell to the ground. Appellant took Victim's wallet and fled.

Following a bench trial on February 18, 2016, the court convicted Appellant of the charged offenses. With the benefit of a pre-sentence investigation ("PSI") report, the court sentenced Appellant on June 7, 2016, to three (3) to six (6) years' incarceration plus four (4) years' probation for robbery and a consecutive twelve (12) months' probation for simple assault. Appellant filed a direct appeal challenging the judgment of sentence. On May 16, 2018, this Court vacated and remanded for resentencing because the sentencing court had erred when it considered at sentencing evidence not of record relating to Appellant's high school education to discount mitigating evidence of Appellant's intellectual challenges.

Upon remand, Appellant filed a recusal motion, which the trial court denied. Appellant also requested a new PSI report for resentencing, which the court denied as well. Following a resentencing hearing on November 14, 2018 and November 27, 2018, the court sentenced Appellant to five (5) to ten (10) years' incarceration for robbery and a consecutive term of two (2) years'

probation for simple assault. Appellant timely filed post-sentence motions on December 3, 2018. The trial court denied both motions on December 11, 2018.[2] Appellant timely filed a notice of appeal on December 13, 2018. On January 15, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on January 26, 2019.

Appellant raises five issues for our review:

> WHETHER THE SENTENCING COURT IMPOSED AN ILLEGALLY VINDICTIVE SENTENCE AND VIOLATED THE DUE PROCESS CLAUSES OF THE PENNSYLVANIA AND UNITED STATES CONSTITUTIONS WHEN IT IMPOSED AN INCREASED SENTENCE ON APPELLANT FOLLOWING APPELLANT'S SUCCESSFUL APPEAL OF HIS INITIAL SENTENCE?
>
> WHETHER THE SENTENCING COURT ERRED IN DENYING APPELLANT'S MOTION FOR A PRE-SENTENCE INVESTIGATION PRIOR TO RE-SENTENCING WHERE THE ORIGINAL PRE-SENTENCE INVESTIGATION WAS CONDUCTED NEARLY THREE YEARS PRIOR TO THE RE-SENTENCING?
>
> WHETHER THE SENTENCING COURT ERRED IN "DOUBLE-COUNTING" APPELLANT'S PRIOR CRIMINAL CONVICTIONS AND JUVENILE ADJUDICATIONS BY RELYING ON THOSE CONVICTIONS AND ADJUDICATIONS IN MAKING ITS DECISION TO DEPART FROM THE GUIDELINE RANGE DESPITE THE FACT THAT APPELLANT'S PRIOR RECORD WAS ALREADY FACTORED INTO THE GUIDELINES?
>
> WHETHER THE SENTENCING COURT ABUSED ITS DISCRETION BY IMPOSING AN EXCESSIVE AND CLEARLY UNREASONABLE SENTENCE FAR IN EXCESS OF ANYTHING

---

[2] The court amended the sentencing order to allow Appellant credit for time served.

CALLED FOR BY THE SENTENCING GUIDELINES?

WHETHER THE SENTENCING COURT ERRED IN DENYING THE MOTION FOR RECUSAL PRIOR TO RESENTENCING WHERE THE TOTALITY OF THE CIRCUMSTANCES DEMONSTRATED THAT THE SENTENCING COURT COULD NOT SENTENCE APPELLANT IN A FAIR MANNER?

(Appellant's Brief at vii-viii).

In issues one through four, Appellant contests his new sentence in various ways. Appellant first argues the court improperly imposed an increased aggregate sentence upon resentencing, where neither the trial court's opinion nor the record from the resentencing hearing contained any additional information to justify the imposition of an increased sentence. Appellant contends the increased sentence is the result of judicial vindictiveness, which the sentencing court failed to rebut.

Appellant further alleges the sentencing court erred when it denied Appellant's motion for a new PSI report and resentenced him based only on information available from the first PSI/sentencing. Appellant insists the original PSI was inadequate for resentencing purposes, because it was three years old and contained no information regarding how Appellant has responded to incarceration.

Appellant next avers the sentencing court improperly considered factors already included in the sentencing guidelines, such as his criminal record and the nature of the offenses. Appellant maintains the sentencing court imposed an above-guideline sentence due to the court's improper "double-counting" of

these elements.

Appellant additionally claims the court failed to consider certain mitigating factors, such as his difficult childhood and his learning difficulties. Appellant emphasizes the court's failure to weigh these mitigating factors properly resulted in an excessive and unreasonable sentence on remand. For these reasons, Appellant concludes the sentence should be vacated and his case remanded for resentencing. As presented, Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Ali*, 197 A.3d 742, 763 (Pa.Super. 2018), *appeal denied*, ___ Pa. ___, 207 A.3d 911 (2019) (stating claim trial court failed to order new PSI report upon remand for resentencing challenges discretionary aspects of sentencing); *Commonwealth v. Robinson*, 931 A.2d 15 (Pa.Super. 2007) (*en banc*) (explaining claim of judicial vindictiveness constitutes challenge to discretionary aspects of sentencing); *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003) (stating claim that court considered improper factors at sentencing refers to discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not properly consider mitigating factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006)). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22

(2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Anderson, supra* at 1018. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 913 (quoting *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. *Mouzon, supra* at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. *Id.* at 435, 812 A.2d at 627. Rather,

a substantial question will be found "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." *Id.* Nevertheless, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." ***Cruz-Centeno, supra*** at 545 (quoting ***Commonwealth v. Urrutia***, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). ***See also Commonwealth v. Berry***, 785 A.2d 994 (Pa.Super. 2001) (explaining allegation that sentencing court failed to consider specific mitigating factor generally does not raise substantial question; claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question).

"Where [PSI] reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 519 Pa. 88, 101-102, 546 A.2d 12, 18 (1988).

> A [PSI] report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that [sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat,

in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

*Id.* at 102, 546 A.2d at 18. ***See also Commonwealth v. Tirado***, 870 A.2d 362 (Pa.Super. 2005) (explaining if sentencing court has benefit of PSI, then law presumes court was aware of relevant information regarding appellant's character and mitigating factors).

Nevertheless, this Court has held that a claim of judicial vindictiveness in resentencing does raise a substantial question for our review. ***Commonwealth v. Tapp***, 997 A.2d 1201, 1203 (Pa.Super. 2010), *appeal denied*, 608 Pa. 654, 12 A.3d 752 (2010). An assertion that the court failed to order a new PSI report upon remand for resentencing also presents a substantial question. ***Ali, supra***. Furthermore, a claim that the court double-counted factors already considered in the sentencing guidelines raises a substantial question. ***Commonwealth v. Goggins***, 748 A.2d 721, 732 (Pa.Super. 2000) (*en banc*), *appeal denied*, 563 Pa. 672, 759 A.2d 920 (2000).

Instantly, Appellant has properly preserved his sentencing issues for appeal. His bald allegation of excessiveness, however, does not warrant review. ***See Mouzon, supra***. Likewise, Appellant's claim that the sentencing court failed to consider certain mitigating factors does not pose a substantial question. ***See Berry, supra***; ***Cruz-Centeno, supra***. On the other hand, Appellant's claims concerning judicial vindictiveness, double-counting, and the

- 9 -

lack of a new PSI report appear to raise substantial questions for our review. *See Ali, supra*; *Tapp, supra*; *Goggins, supra*.

Our standard of review of a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question…." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super.

2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. ***Id.*** "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Commonwealth v. Griffin,*** 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). As a general rule: "It is impermissible for a court to consider factors already included within the sentencing guidelines as the **sole** reason for increasing or decreasing a sentence to the aggravated or mitigated range." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa.Super. 2006) (emphasis added). Trial courts can use information included in the guidelines to supplement other peripheral sentencing information. ***Id.*** For example, courts can consider a defendant's prior convictions in conjunction with past unsuccessful attempts to rehabilitate, or the fact that the new crimes violated parole, or that the defendant's ongoing criminal record demonstrated a threat to public safety or a general disregard for private property, even though the guidelines take into account those prior convictions. ***See Commonwealth v. Simpson***, 829 A.2d 334, 339 (Pa.Super. 2003).

Generally, a presumption of vindictiveness arises if the court imposes a harsher sentence upon resentencing. ***Robinson, supra*** at 22. "[T]he presumption of vindictiveness may be rebutted where the trial court places on

- 11 -

the record non-vindictive reasons for the increased sentence, such as 'objective information concerning identifiable conduct on the part of the defendant occurring **after** the time of the original sentencing proceeding.'" *Ali, supra* at 762 (emphasis added). "[T]he presumption could also be overcome by other forms of objective information or legitimate sentencing concerns that were not presented to or considered by the trial court at the original sentencing hearing." *Id.* The presumption of vindictiveness, however, will not be rebutted without objective information justifying the sentencing increase. *Commonwealth v. Barnes*, 167 A.3d 110, 124 (Pa.Super. 2017) (*en banc*).

Additionally:

> Pennsylvania Rule of Criminal Procedure 702(A)(1) provides that a sentencing judge may, in his…discretion, order a PSI report. Further, if the sentencing court fails to order a PSI report, it shall place on the record its reasons for dispensing with the report. We have explained that the essential inquiry is…whether the sentencing court was apprised of comprehensive information to make the punishment fit not only the crime but also the person who committed it. Moreover, technical non-compliance with the requirements of [Pa.R.Crim.P. 702] may be harmless when the trial court elicits sufficient information during the colloquy to substitute for a PSI report, thereby allowing a fully informed decision.

*Ali, supra* at 763 (internal citations and quotation marks omitted).

Instantly, with the benefit of a PSI report, the court originally sentenced Appellant on June 7, 2016, to 3 to 6 years' incarceration plus 4 years' probation for robbery and a consecutive 12 months' probation for simple assault. Appellant appealed the judgment of sentence, and this Court vacated

and remanded for resentencing because the sentencing court had erred when it considered at sentencing evidence not of record relating to Appellant's high school education to discount mitigating evidence of Appellant's intellectual challenges.

Upon remand, Appellant filed a motion for recusal, which the court denied. Appellant also requested a new PSI, which the court denied. In preparation for resentencing, the court stated it had reviewed all of the information from both sentencing proceedings including the mitigating factors related to Appellant's intellectual limitations and his completion of three betterment programs while incarcerated. With that information in mind, the court still imposed an increased sentence of 5 to 10 years' incarceration on the robbery charge plus a consecutive term of 2 years' probation for simple assault. As the court imposed a harsher sentence on remand, a presumption of vindictiveness arose. ***See Robinson, supra***.

Specifically, when delivering Appellant's sentence on remand, the court listed everything it considered in fashioning the new sentence, including, *inter alia*, Appellant's criminal history, the original PSI report, Appellant's difficult childhood, and Appellant's remorse. The court had considered all of these factors previously in crafting Appellant's original sentence, however. The only "new" information the court considered was the mitigating evidence concerning Appellant's intellectual challenges and his successful completion of three programs while incarcerated. Significantly, the court failed to articulate

any new factors to rebut the presumption of vindictiveness arising from the imposition of the increased sentence, which included an increased term of incarceration for robbery and an increased probationary period for simple assault for an overall rise in the total period of supervision. *See Ali, supra*; *Barnes, supra*. The court failed to identify any post-sentence conduct to justify an increased sentence, or any sentencing concerns it had not already considered before the original sentencing. *See Ali, supra*. There is a logical inconsistency inherent in the court's decision to impose an increased sentence after considering as new factors only mitigating circumstances. The court refused to order a new PSI and made no statement disavowing any vindictive purpose in resentencing Appellant to a harsher sentence than originally imposed. The court had no new testimony or victim impact statement. *See id.* Therefore, the court failed to rebut the presumption of vindictiveness arising from the increased sentence. *See id.*; *Barnes, supra*. Thus, we must vacate the new judgment of sentence and remand for resentencing based on this ground.

In his fifth issue, Appellant argues the court should have granted Appellant's motion for recusal based on the court's alleged predisposition, animus, and lack of impartiality in Appellant's case. Appellant contends the court's decision to impose a greater sentence on remand demonstrated its refusal to follow this Court's instructions and exhibited pure retaliation against Appellant for his success on appeal. He avers the court erred in denying

Appellant's motion for recusal. Appellant concludes this Court should vacate the judgment of sentence and remand, with an order for a different judge to preside over resentencing. We agree.

"Where a jurist rules that he…can hear and dispose of a case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion." ***Commonwealth v. White****,* 557 Pa. 408, 426, 734 A.2d 374, 384 (1999).

> In reviewing the denial of a recusal motion to determine whether the judge abused his discretion, we recognize that our judges are honorable, fair and competent. Based on this premise, where a judge has refused to recuse himself, on appeal, we place the burden on the party requesting recusal to establish that the judge abused his discretion.
>
> \* \* \*
>
> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will*.*

***Commonwealth v. King***, 576 Pa. 318, 322-23, 839 A.2d 237, 239-40 (2003) (internal citations and quotation marks omitted). Our Supreme Court stated: "In general, a motion for recusal is properly directed to and decided by the jurist whose participation the moving party is challenging." ***Id.*** at 322, 839

A.2d at 239. "It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness, which raises a substantial doubt as to the jurist's ability to preside impartially." **White, supra** at 426, 734 A.2d at 383-84 (1999).

> The inquiry is not whether a judge was in fact biased against the party moving for recusal, but whether, even if actual bias or prejudice is lacking, the conduct or statement of the court raises an appearance of impropriety. The rule is simply that disqualification of a judge is mandated whenever a significant minority of the lay community could reasonably question the court's impartiality.

**Commonwealth v. Druce**, 796 A.2d 321, 327 (Pa.Super. 2002), *affirmed*, 577 Pa. 581, 848 A.2d 104 (2004).

> Further, disqualification motions are not limited to judges who preside over trials, but extend to other proceedings, including sentencing. Our Supreme Court has explained:

> > [T]he largely unfettered sentencing discretion afforded a judge is better exercised by one without hint of animosity toward appellant…. [A] defendant is entitled to sentencing by a judge whose impartiality cannot reasonably be questioned.

*Id.*

> The sentencing decision is of paramount importance in our criminal justice system, and must be adjudicated by a fair and unbiased judge. This means, a jurist who assess[es] the case in an impartial manner, free of personal bias or interest in the outcome. Because of the tremendous discretion a judge has when sentencing, a defendant is entitled to sentencing by a judge whose impartiality cannot reasonably be questioned. A tribunal is either fair or unfair. There is no need to find actual prejudice, but rather, the appearance of prejudice is sufficient to warrant the grant of new proceedings.

***Commonwealth v. Rhodes***, 990 A.2d 732, 748 (Pa.Super. 2009), *appeal denied*, 609 Pa. 688, 14 A.3d 827 (2010) (quoting ***Druce, supra*** at 588, 848 A.2d at 108) (internal citations and quotation marks omitted)). "In turn, once the judge decides whether to preside over the case, that decision is final and the cause must proceed." ***King, supra*** at 322, 839 A.2d at 239.

Nonetheless, where a court denies an appellant's motion for recusal on remand but then demonstrates appellant's stated grounds for recusal at resentencing, this Court should vacate the judgment of sentence and order a different judge to impose a new sentence on remand. ***Commonwealth v. Bernal***, 200 A.3d 995 (Pa.Super. 2018) ("***Bernal III***") (ordering remand and recusal where appellant filed recusal motion citing concerns of judge's biased sentencing of sex offenders, judge denied motion, and court then resentenced appellant to same statutory-maximum sentence; reasonable observer might question judge's impartiality and ability to impose individualized sentence on appellant; judge appeared to have made up her mind prior to sentencing hearing and arrived at hearing with detailed written statement defending her sentencing practices concerning sex offenders prior to re-imposing previously vacated sentence; judge also attacked defense counsel's advocacy on appellant's behalf in Rule 1925(a) opinion). ***Compare Commonwealth v. Whitmore***, 590 Pa. 376, 912 A.2d 827 (2006) (holding Superior Court lacked authority to order *sua sponte* that new judge be assigned to preside over appellant's resentencing proceedings where neither party sought original

judge's recusal and original judge had made no ruling regarding recusal).

In the present case, the court initially sentenced Appellant to 3 to 6 years' incarceration plus 4 years' probation for robbery and a consecutive 12 months' probation for simple assault. Appellant appealed the judgment of sentence, and this Court vacated and remanded for resentencing because the court had erred when it considered at sentencing certain evidence not of record, relating to Appellant's high school education, which discounted to his detriment the mitigating evidence of his intellectual challenges.

Upon remand, Appellant filed a motion for recusal, arguing the sentencing judge would be incapable of considering the mitigating evidence on remand without predisposition, animus, and partiality. The judge denied the recusal motion and imposed an increased sentence of 5 to 10 years' incarceration on the robbery charge and a consecutive term of 2 years' probation for simple assault. The new sentence represented an overall increase in incarceration and supervision. The court imposed this new sentence without any fresh information or conduct to justify the sentencing increase, thereby raising a presumption of vindictiveness, demonstrating the court's refusal to follow this Court's instructions, and exhibiting pure retaliation against Appellant for his success on appeal. Imposition of the increased sentence without appropriate justification raised a reasonable question about the court's impartiality. **See Druce, supra**. Therefore, the court abused its discretion in refusing to recuse. **See King, supra**.

Accordingly, we vacate and remand with an order for a different judge to impose a new sentence. *See Bernal III, supra*.

Appellant also argues in his brief that he received an illegal sentence upon resentencing, where the court imposed a consecutive sentence on simple assault because the simple assault and robbery offenses should have merged for sentencing as the offenses arose from the same criminal act. Appellant concludes the separate sentence for simple assault is illegal, must be vacated, and his case remanded for resentencing. We agree.

Whether crimes merge for sentencing purposes implicates the legality of the sentence, which this Court can raise *sua sponte*. **Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa.Super. 2013). Therefore, our standard of review is *de novo* and our scope of review is plenary. **Id.** Merger of sentences is governed generally by Section 9765 of the Sentencing Code, which provides:

### § 9765. Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. "[T]he language of the legislature is clear. The only way two crimes merge for sentencing is if **all** elements of the lesser offense are included within the greater offense." **Commonwealth v. Coppedge**, 984 A.2d 562, 564 (Pa.Super. 2009) (emphasis in original). Regarding merger,

this Court has stated:

> The preliminary consideration is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, a merger analysis is not required. If, however, the event constitutes a single criminal act, a court must then determine whether or not the two convictions should merge. In order for two convictions to merge: (1) the crimes must be greater and lesser-included offenses; and (2) the crimes charged must be based on the same facts. If the crimes are greater and lesser-included offenses and are based on the same facts, the court should merge the convictions for sentencing; if either prong is not met, however, merger is inappropriate.

*Commonwealth v. Shank*, 883 A.2d 658, 670 (Pa.Super. 2005), *appeal denied*, 588 Pa. 758, 903 A.2d 538 (2006). This Court has further explained:

> To determine whether offenses are greater and lesser-included offenses, we compare the elements of the offenses. If the elements of the lesser offense are all included within the elements of the greater offense and the greater offense has at least one additional element, which is different, then the sentences merge. If both crimes require proof of at least one element that the other does not, then the sentences do not merge.

*Commonwealth v. Johnson*, 874 A.2d 66, 70 (Pa.Super. 2005), *appeal denied*, 587 Pa. 720, 899 A.2d 1122 (2006) (internal citations omitted).

The Pennsylvania Crimes Code defines robbery, in relevant part, as follows:

**§ 3701. Robbery**

**(a) Offense defined.—**

(1) A person is guilty of robbery if, in the course of committing a theft, he:

- 20 -

\* \* \*

      (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

\* \* \*

18 Pa.C.S.A. § 3701(a)(1)(iv). The Code defines simple assault, in relevant part, as:

**§ 2701. Simple assault**

**(a) Offense defined.—**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

      (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

\* \* \*

      (3) attempts by physical menace to put another in fear of imminent serious bodily injury;

\* \* \*

18 Pa.C.S.A. § 2701(a)(1),(3). When arising out of the same criminal act, the offenses of robbery and simple assault can merge for sentencing purposes, if the elements of the simple assault offense are included in the robbery offense. *Commonwealth v. Jenkins*, 96 A.3d 1055, 1062 (Pa.Super. 2014), *appeal denied*, 628 Pa. 629, 104 A.3d 3 (2014).

     Instantly, Appellant began following Victim as she walked home from her daughter's soccer game. Victim turned around and asked Appellant what he wanted. In response, Appellant asked Victim what she had. As Victim

moved away, Appellant grabbed the wallet around Victim's wrist, broke the metal clip, and the wallet fell to the ground. Appellant took Victim's wallet and fled. The offenses in this case arose from a single act.

During the original sentencing, and again on remand, the court levied separate sentences for robbery and simple assault. As both convictions arose from the same criminal act (the taking of Victim's wallet), and the elements of simple assault in this case are included in the robbery offense as charged, simple assault was a lesser-included offense of robbery. *See id.* Consequently, the convictions merged for sentencing purposes. *Id.*; 42 Pa.C.S.A. § 9765. Therefore, the court erred when it sentenced Appellant separately for simple assault. Accordingly, we vacate the judgment of sentence and remand for resentencing on this basis as well.

Based upon the foregoing, we hold the court erred in imposing an increased sentence on remand without justification for the increased sentence. *See Ali, supra*; *Barnes, supra*. We further hold the court demonstrated grounds for recusal at resentencing. *See Bernal III, supra*. Finally, we hold the court should have merged the simple assault and robbery convictions for sentencing purposes. *See Jenkins, supra*. Accordingly, we vacate the judgment of sentence for these several reasons and remand for resentencing before a different judge.

Judgment of sentence vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/10/20</u>