J-S35020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JOSHUA C. LEACH :
:
Appellant : No. 497 MDA 2022

Appeal from the Judgment of Sentence Entered December 14, 2021
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000058-2021

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED: DECEMBER 28, 2022**

Joshua C. Leach appeals from the judgment of sentence entered following his guilty plea to fleeing/attempting to elude a police officer ("fleeing/eluding"), a third-degree felony. 18 Pa.C.S.A. § 3733(a). Leach argues his sentence amounts to cruel and unusual punishment due to his medical conditions. We affirm.

Leach, whose driver's license was suspended, drove at speeds exceeding 100 miles per hour and against oncoming traffic for over four miles as he fled from police officers to avoid apprehension due to an outstanding arrest warrant. **See** Affidavit of Probable Cause, 2/21/21. Following arrest, the Commonwealth charged him with nine offenses, including three felonies.

_____

[*] Former Justice specially assigned to the Superior Court.

Leach entered a negotiated guilty plea to one count of fleeing/eluding. In exchange, the Commonwealth dismissed the other charges and agreed to a minimum sentence of six months, which is at the bottom of the standard range of the Sentencing Guidelines. *See* Trial Court Opinion, 4/25/22, at 1 (citing Guilty Plea Colloquy, 10/7/21). The plea agreement stated that the court would set the maximum sentence, and that the Commonwealth would oppose Leach's request to serve his sentence in a county prison facility. *Id.*

Before sentencing, the court ordered a pre-sentence investigation report ("PSI"). The PSI stated that Leach reported that he has degenerative disc disease and a spinal cord injury, has had a stroke, and requires neck surgery. PSI at 6. Leach also stated that he takes medication for bipolar disorder. *Id.* Due to the gravity of Leach's actions, his open warrant for domestic violence, and his "history of violence, escape, and substance use," the PSI recommended the court impose a sentence to be served in state prison. *Id.* at 7.

At sentencing, regarding his medical conditions, Leach told the court, "I'm suffering a spinal cord injury, and I just tested positive for COVID today. I'm having a lot of problems now real bad." *See* N.T., 12/14/21, at 4. Defense counsel stated that Leach "needs to have surgery on his neck" and that he's "had considerable other physical problems." *Id.* at 5. Counsel argued that a sentence in a state correctional institution is "not an ideal situation, not for the state, to be blunt, not for the taxpayers of the Commonwealth of Pennsylvania, for my purposes not – certainly not for Mr. Leach." *Id.* Counsel

- 2 -

also argued that because Leach had already served his minimum sentence, the imposition of a county sentence would result in his extradition to Ohio on his outstanding warrant. *Id.* at 5-6.

The court sentenced Leach to six months to two and a half years in state prison. Leach filed a post-sentence motion challenging his sentence, which the court denied.

Leach appealed. He presents the following issue: "[Leach] respectfully avers error that occurred where he was sentenced to a state correctional institution when less restrictive alternatives were available and he suffers from serious negative medical conditions, which is tantamount to cruel and unusual punishment." Leach's Br. at 4.

Leach includes a statement pursuant to Pa.R.A.P. 2119(f), contending he "suffers from very serious physical ailments" and that sentencing him to time in a state correctional institution, "where he could have been given a county sentence, was unnecessary and arguably, cruel and unusual." *Id.* at 7. In the argument section of his brief, Leach notes that "the Eighth Amendment to the U.S. Constitution and Article 1 Section 13 of the Pennsylvania Constitution both preclude the imposition of cruel and unusual punishment." *Id.* at 10. He claims that the PSI "comprehensively sets out the medical dangers" he faces, including "degenerative disc disease, a bipolar disorder, substance abuse dependence and a spinal cord injury." *Id.* at 9. He points out the PSI also states that he requires surgery. Leach argues that

sentence requiring him to serve his sentence in a state prison "unnecessarily and unconstitutionally exacerbated his existing plight." ***Id.*** at 10.

To the extent Leach challenges his sentence as violating the federal and state Cruel and Unusual Punishment Clauses, his claim implicates the legality of his sentence. ***See Commonwealth v. Thorne***, 276 A.3d 1192, 1196-97 (Pa. 2022). However, we find the issue waived as undeveloped. The only authorities Leach cites are the state and federal constitutions, with no discussion of relevant jurisprudence. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009).

Moreover, the claim fails on the merits. He has not shown that his sentence, falling at the low end of the standard range of the Sentencing Guidelines, is "wholly and irrationally disproportionate" to the dangerous crime Leach committed. ***See Commonwealth v. Yasipour***, 957 A.2d 734, 743 (Pa.Super. 2008) (explaining that protection from cruel and unusual punishment "prohibits sentences which are wholly and irrationally disproportionate to the crime"). Leach does not actually identify the medical treatment he allegedly requires, other than "neck surgery." More to the point, he does not claim that medical treatment sufficient to meet Eighth Amendment standards will be unavailable in state prison but could be obtained in county lockup.

To the extent Leach challenges the trial court's decision to order him to serve his sentence in state prison,[1] his challenge goes to discretionary aspects of sentencing. We will only review a discretionary sentencing claim if the appellant (1) preserved the issue in the court below, (2) filed a timely notice of appeal, (3) included in his brief a concise statement of the reasons for the appeal, *see* Pa.R.A.P. 2119(f), and (4) has raised a substantial question whether the sentence is appropriate under the Sentencing Code. ***Commonwealth v. Green***, 204 A.3d 469, 488 (Pa.Super. 2019), *aff'd*, 265 A.3d 541 (Pa. 2021).

It is undisputed that Leach has satisfied the first three of these requirements. Leach also raised a substantial question by asserting that his sentence is excessive and that the court failed to consider mitigating circumstances. ***See Commonwealth v. White***, 193 A.3d 977, 983-84 (Pa.Super. 2018).

We will not grant relief on a discretionary sentencing claim absent a manifest abuse of discretion. ***Commonwealth v. Shull***, 148 A.3d 820, 831 (Pa.Super. 2016) (quoting ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014)). Such an abuse exists only where the court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice,

---

[1] ***See*** 42 Pa.C.S. § 9762(a)(2) ("Maximum terms of two years or more but less than five years may be committed to the Department of Corrections for confinement or may be committed to a county prison within the jurisdiction of the court.").

bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* (quoting *Antidormi*, 84 A.3d at 760).

As stated above, Leach has failed to explain the way in which he contends a state sentence affects his medical conditions or treatment. Furthermore, we presume the sentencing court, which had a PSI, duly considered Leach's circumstances, including his medical conditions (which Leach concedes were identified in the PSI). *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa.Super. 2020). We find no abuse of discretion.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/28/2022