J-S35010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL HERBERT ROETING | : | |
| | : | |
| Appellant | : | No. 424 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 1, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005187-2021

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                     **FILED: DECEMBER 20, 2023**

Daniel Herbert Roeting appeals from the judgment of sentence imposed following his conviction of theft by unlawful taking. Roeting argues that the trial court imposed an excessive sentence. We affirm.

Given that Roeting does not challenge his conviction on appeal, only a brief factual summary is necessary. On September 27, 2021, Roeting stole his father's firearm. The Commonwealth charged Roeting with theft by unlawful taking. The case proceeded to a jury trial, after which Roeting was found guilty. Thereafter, the trial court deferred sentencing pending the preparation of a presentence investigation report. Ultimately, after considering the presentence investigation report, Roeting's rehabilitative needs, Roeting's

_____

[*] Retired Senior Judge assigned to the Superior Court.

prior criminal history, the fact he has received multiple treatment services, and the protection of the community, the trial court sentenced Roeting to 33 months to 6 years in prison. The trial court specifically noted that Roeting was ineligible to participate in the Recidivism Risk Reduction Incentive. Moreover, the trial court did not make Roeting eligible for the boot camp program. Roeting filed a post-sentence motion to reconsider his sentence, which the trial court denied. This timely appeal followed.

On appeal, Roeting raises the following question for our review:

Was the trial court's sentence of 33 months to 6 years of incarceration so manifestly excessive as to constitute too severe a punishment and clearly unreasonable under the circumstances of this case, as it was not consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of [] Roeting and the [trial c]ourt did not impose an individualized sentence which took into consideration [] Roeting's circumstances and instead based such sentence solely upon [] Roeting's lack of remorse and lack of accountability and did the [trial c]ourt further abuse its discretion in not recommending that [] Roeting participate in boot camp?

Appellant's Brief at 6.

Roeting challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has

- 2 -

a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation and brackets omitted).

Here, Roeting filed a timely appeal and preserved his claim in his post-sentence motion. Roeting also included a separate Rule 2119(f) Statement in his brief; accordingly, we will review his Rule 2119(f) statement to determine whether he has raised a substantial question. **See Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super. 2012) (stating that "we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." (citation omitted)).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Edwards**, 71 A.3d 323, 330 (Pa. Super. 2013) (citation omitted). "A substantial question [exists] only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citation omitted).

In his Rule 2119(f) statement, Roeting argues that the trial court imposed a manifestly excessive sentence, improperly focused on his lack of remorse, and did not properly considering his age and drug and alcohol history in denying him entry into the boot camp program. **See** Appellant's Brief at 10-

- 3 -

12. Roeting's claim raises a substantial question. ***See Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (noting that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." (citation omitted)).

Our standard of review of a challenge to the discretionary aspects of a sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Watson***, 228 A.3d 928, 936-37 (Pa. Super. 2020) (citation omitted).

Roeting contends the trial court abused its discretion by imposing a manifestly excessive sentence. ***See*** Appellant's Brief at 13, 16, 18-19. Roeting suggests that this sentence was too severe a punishment based upon the circumstances of the crime and was inconsistent with the protection of the public and his rehabilitative needs. ***See id.*** at 13. Roeting points out that the trial court improperly focused on his lack of remorse, as he was allowed to maintain his innocence of the charge and exercise his right to a trial. ***See id.*** at 16, 18. Roeting further claims that the trial court should have considered his need for drug and alcohol treatment in rendering the sentence. ***See id.*** at

17; *see also id.* at 18 (noting that his drug and alcohol abuse started at the age of 15 and was responsible for his prior probation and parole violations). Moreover, Roeting highlights that he was eligible for the boot camp program and that the trial court made him ineligible for the program without an explanation. *See id.* at 17-18.

The trial court addressed Roeting's claims as follows:

> In sentencing [Roeting] in the instant matter, the [trial] court was guided by an extensive presentence investigation. Contrary to [Roeting's] current assertions, in fashioning sentence, the [trial] court gave thoughtful consideration to: the penalties authorized by the Legislature; the sentencing guidelines and all of the applicable ranges, including the standard, aggravated, and mitigated ranges; the facts and circumstances of the current offenses; the pre-sentence investigation and all attachments thereto, including court documentation regarding the current charges, a drug and alcohol evaluation conducted by staff at the Lancaster County Prison, documentation from Wellness Counseling, documentation From Rehab After Work, documentation from White Deer Run, documentation from Drug and Alcohol Treatment Services, and records of the Lancaster County Probation Department; the comments made by the attorney for the Commonwealth; the comments of [Roeting's] attorney; the position of [Roeting]; [Roeting's] rehabilitative needs; the need for there to be a deterrence; and, the need for the protection of the entire community. The court also noted that [Roeting] refused to participate in the presentence investigation report and, as such, the court was provided with limited information regarding [Roeting's] background. (N.T., Sent., pp. 11-12).

> The court extensively considered and discussed [Roeting's] age, his extensive prior criminal record, his extensive drug and alcohol concerns, his multiple failed attempts at rehabilitation, his sporadic employment history, and his lack of remorse or acceptance of responsibility. (N.T., Sent., pp. 1-15).

> As reflected in the aforementioned comments and considerations noted by the [trial] court, th[e trial] court believes

that a sentence in the standard range was appropriate and that any lesser sentence would depreciate the seriousness of this conduct.

Lastly, [Roeting] alleges that the court abused its discretion in not recommending him for participation in the motivational boot camp program based solely upon his lack of remorse and lack of accountability.

61 Pa.C.S.A. § 3904(b) provides,

The sentencing judge shall employ the sentencing guidelines to identify those defendants who are eligible for participation in a motivational hoot camp. The judge shall have the discretion to exclude a defendant from eligibility if the judge determines that the defendant would be inappropriate for placement in a motivational boot camp. The judge shall note on the sentencing order whether the defendant has been excluded from eligibility for a motivational boot camp program.

61 Pa.C.S.A. § 3904(b).

Contrary to [Roeting's] current assertion, this court considered the totality of the considerations noted above in determining the [Roeting] would be inappropriate for placement in a motivational boat camp, including, but not limited to, the severity of the conduct alleged, the extensive prior criminal record, and repeated history of failure in rehabilitative programming.

Trial Court Opinion, 5/5/23, at 6-7.

Here, the trial court considered the presentence investigation report. **See** N.T., 2/1/23, at 3, 7, 12-13; **see also** Presentence Investigation Report at 1-17. As such, the trial court was properly apprised of and considered all relevant factors in fashioning Roeting's sentence, and there is no indication that the trial court ignored any factors. **See Watson**, 228 A.3d at 936 (stating

that where the trial court is informed by a presentence investigation report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed). Moreover, in rendering the sentence, the trial court highlighted Roeting's lack of remorse throughout trial, specifically noting his failure to cooperate with the pre-sentence investigation report, and rejected his attempt to blame others for his own conduct. *See* N.T., 2/1/23, at 14. In addition, the trial court explained its reasons for not making Roeting eligible for the boot camp program. *See* 61 Pa.C.S.A. § 3904(b). In light of the foregoing, the trial court did not abuse its discretion in imposing the sentence. *See Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (stating that "the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.").

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/20/2023