J-S28035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEPTEMBER LEO WINGFIELD | : | |
| | : | |
| Appellant | : | No. 2375 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 15, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000228-2022

BEFORE:  STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:                      **FILED OCTOBER 15, 2024**

September Leo Wingfield ("Wingfield") appeals from the judgment of sentence imposed following her open guilty plea to aggravated assault.[1]  We affirm.

The trial court set forth the relevant facts underlying this appeal, as follows:

> At approximately 10:09 a.m. on Thursday, December 16, 2021, Jenkintown Police Officers responded to the report of an assault [on] York Road. . ..  Upon arrival, a witness informed officers that the victim ("Ms. Wright") had been involved in a verbal altercation that turned physical, which left her unconscious at the time of the 911 call and required hospitalization.  Cell phone video taken by a construction worker . . . as well as surveillance video . . . verify the witness' recollection of the altercation.
>
> As depicted in the video, a silver car is stopped at a red light, behind that vehicle is the Honda hatchback that Ms. Wright was driving, and behind her is [Wingfield's] codefendant[,

_____

[1] *See* 18 Pa.C.S.A. § 2702(a)(1).

"Woodson,"] driving a black Ford F-150 truck with [Wingfield] in the passenger seat. According to [Wingfield], at some point they honked the horn at Ms. Wright because they believed she was not paying attention to the road. Words were exchanged, as they came to the intersection behind a car at a red light. Ms. Wright inched her car forward and . . . Woodson pulled the large Ford F-150 truck right up behind the Honda hatchback. [Wingfield] then exited the truck, passed in between the two vehicles and went over to the driver's side of Ms. Wright's vehicle. More words were exchanged before [Wingfield] returned to the passenger side of [Woodson's] truck. Ms. Wright can be seen angrily exiting her vehicle and twice throwing coffee at [Wingfield], who is now back on the sidewalk and getting into the truck, and then Ms. Wright threw the empty coffee cup into the driver's side of the truck and returned to her vehicle. Before Ms. Wright could get back into her Honda, [Wingfield] jumped out of the truck, followed Ms. Wright to her car, pushed up her sleeves and began punching Ms. Wright. Ms. Wright simultaneously reciprocated. [Woodson] quickly exited his truck, following the pair, and can be heard on surveillance video telling [Wingfield] to "get it, get it, get it[,]" . . . while [Wingfield] continued striking Ms. Wright and trapping her inside of her car. [Woodson] then began reaching into Ms. Wright's car, also striking her repeatedly.

Together, [Wingfield] and [Woodson] then dragged Ms. Wright out of her car onto the street, where they both kicked and stomped on her chest, face, and head, rendering her unconscious, before returning to the Ford F-150 truck. Three . . . construction workers came to Ms. Wright's aid. Because they were boxed in and could not drive on the street, [Woodson] drove his truck onto the sidewalk, around Ms. Wright's car in front of him, and through a red light, to flee the scene, leaving Ms. Wright unconscious on the street.

Trial Court Opinion, 4/10/24, at 2-4 (unnecessary capitalization, citations, and footnote omitted).

Police arrested Wingfield and charged her with aggravated assault (attempting to cause serious bodily injury under circumstances manifesting extreme indifference to the value of human life), simple assault, recklessly

endangering another person, and harassment. On December 13, 2022, Wingfield entered an open guilty plea to aggravated assault, and the Commonwealth dismissed the remaining charges. The trial court ordered that a presentence investigation report ("PSI") be prepared in advance of the sentencing hearing. On March 15, 2023, the trial court imposed a sentence of three to six years imprisonment for aggravated assault. The trial court also instructed Wingfield to comply with recommended rehabilitative treatment, including anger management.

Wingfield filed a timely post-sentence motion, arguing that a lesser sentence was warranted due to the trial court's overemphasis of the severity of her actions, and it's lack of consideration for her difficult life, absence of prior convictions, and her support from family and friends. The trial court denied the motion. Wingfield then filed a timely notice of appeal, and both she and the trial court complied with Pa.R.A.P. 1925.

Wingfield raises the following issue for our review:

Whether [Wingfield's] sentence was unduly harsh, excessive, unreasonable, an abuse of discretion, contrary to the fundamental norms of the sentencing guidelines and failed to adequately consider Ms. Wright's role in the incident, [Wingfield's] lack of prior convictions, [Wingfield's] education, work history and childhood trauma, remorse and support of [Wingfield's] family and friends.

Wingfield's Brief at 4.

Wingfield's issue presents a challenge to the discretionary aspect of her sentence. Challenges to the discretionary aspects of a sentence are not

appealable as of right. **See** ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Instead, this Court must conduct a four part-analysis prior to reviewing the merits of a challenge to the discretionary aspects of sentence, determining:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P.2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super.2010) (citation omitted).

In the instant case, Wingfield filed a timely post-sentence motion, a timely notice of appeal, and included a Rule 2119(f) statement in her brief. Accordingly, we will review the Rule 2119(f) statement to determine whether Wingfield has presented a substantial question for our review. ***See*** ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012) (holding that we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists).

A substantial question is raised when the appellant "advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012). Importantly, "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted). Further, where the sentencing court had the benefit of a PSI report, we presume that "the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (citation omitted).

In her Rule 2119(f) statement, Wingfield raised the following issue: "the sentencing court failed to adequately consider [Ms. Wright's] role in the incident, [Wingfield's] lack of prior convictions, [Wingfield's] education, work history, childhood trauma, remorse, and the support of [Wingfield's] family and friends." Wingfield's Brief at 12. (unnecessary capitalization omitted).[2]

As explained above, a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review. *See Disalvo*, 70

---

[2] We note that, in her statement of questions presented and in the argument section of her brief, Wingfield purported to raise a claim that her sentence was harsh, excessive, and unreasonable. *See* Wingfield's Brief at 4, 12. However, Wingfield did not include this claim in her 2119(f) statement, and the Commonwealth has objected to this omission. Accordingly, we deem the issue waived. *See Commonwealth v. Karns*, 50 A.3d 158, 166 (Pa. Super. 2012) holding that ("[i]f a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, the issue is waived, and this Court may not review the claim").

A.3d at 903. Moreover, because the sentencing court had the benefit of a PSI, we presume that it was aware of and considered each of the mitigating factors presented by Wingfield. *See Watson*, 228 A.3d at 936. Accordingly, because Wingfield has failed to present a substantial question for our review, we decline to review the merits of her discretionary sentencing claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2024