J-S39021-24

2024 PA Super 287

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ERIC RAYMOND GEORGE | : | |
| Appellant | : | No. 496 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 18, 2024
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000760-2021

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

OPINION BY KUNSELMAN, J.:                    **FILED:  December 3, 2024**

Eric Raymond George appeals from the judgment of sentence imposed for his convictions of murder of the third degree, aggravated assault, and strangulation.  18 Pa.C.S. §§ 2502(c), 2702(a)(1), 2718(a)(1).  He argues that murder of the third degree and strangulation should have merged for sentencing purposes.  We affirm.

A jury found George guilty of the above crimes based on evidence that he strangled his wife to death.  The trial court initially imposed a mandatory-minimum sentence of 25 to 50 years of incarceration for murder and a concurrent 5-to-10-year sentence for strangulation.  This Court vacated and remanded for resentencing, ruling that George's prior conviction for robbery in Wisconsin did not qualify as a predicate offense for purposes of

Pennsylvania's mandatory sentencing law. **Commonwealth v. George**, 311 A.3d 621 (Pa. Super. 2023) (non-precedential decision).

On March 18, 2024, the trial court resentenced George to 17 to 34 years for murder and a consecutive term of 5 to 10 years for strangulation. (For sentencing purposes, aggravated assault merged with murder of the third degree.) George moved for reconsideration *nunc pro tunc*, which the trial court denied. George timely appealed.[1] George and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

George argues on appeal that the trial court erred by failing to merge, for sentencing purposes, his convictions for murder of the third degree and strangulation. This claim implicates the legality of George's sentence, over which we exercise a *de novo* standard of review and a plenary scope of review. **Commonwealth v. Lynch**, 242 A.3d 339, 348 (Pa. Super. 2020).

By statute, crimes merge for sentencing purposes only if "the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765. As it is undisputed that George's crimes arose from a single act, our analysis of merger "begins and ends with the statutory elements of each offense." **Commonwealth v. Edwards**, 256 A.3d 1130, 1137 (Pa. 2021).

---

[1] George claimed he was appealing from the order denying his post-sentence motion. In a criminal case, however, appeal lies only from the judgment of sentence; we have amended the caption accordingly. **See Commonwealth v. Knupp**, 290 A.3d 759, 766 n.4 (Pa. Super. 2023) (citation omitted).

The statutory elements of strangulation are not included in the statutory elements of murder of the third degree. Strangulation, as charged here, is committed when a "person knowingly or intentionally impedes the breathing or circulation of the blood of another person by . . . applying pressure to the throat or neck." 18 Pa.C.S. § 2718(a)(1). Murder, by contrast, is defined in the statute by degrees: murder of the first degree (committed by an intentional killing), murder of the second degree (committed in the perpetration of a felony), and murder of the third degree ("All other kinds of murder"). 18 Pa.C.S. § 2502. As interpreted by case law, the elements of murder of the third degree are that "the accused killed another person with malice." *Commonwealth v. Geiger*, 944 A.2d 85, 90 (Pa. Super. 2008).

A conviction for murder (including murder of the third degree) requires proof that the defendant caused the victim's death. *Commonwealth v. Rementer*, 598 A.2d 1300, 1304 (Pa. Super. 1991), *see also* 18 Pa.C.S. § 303 (titled, "Causal relationship between conduct and result"). However, it does not require proof that the defendant impeded the victim's breathing or circulation, applied pressure to the victim's throat or neck, or employed any specific means to bring about the death of the victim. Simply put, a defendant can commit murder without touching the victim's neck. Because we do not look beyond the statutory elements of each offense, *Edwards*, *supra*, it does not matter for the merger analysis that this was the method by which George killed his wife. Strangulation does not merge with murder of the third degree

for sentencing purposes.[2]  *See Commonwealth v. Leonard*, 276 A.3d 251 (Table), 2022 WL 841245, at *6 (Pa. Super. Mar. 22, 2022) (non-precedential decision) (reaching the same conclusion).

George's reliance on *Commonwealth v. Watson*, 228 A.3d 928, 941–942 (Pa. Super. 2020), does not change our analysis.  In that pre-*Edwards* case, we held that simple assault (attempting to cause or causing bodily injury or attempting by physical menace to put another in fear of imminent serious bodily injury) should have merged for sentencing purposes with robbery (causing, threatening with, or intentionally putting another in fear of bodily injury in the course of committing a theft).  *See* 18 Pa.C.S. § 2701(a)(1) & (3), 3710(a)(1)(iv).  As charged in *Watson*, simple assault was a lesser-included offense of robbery.

Here, however, based on the elements of the offenses as charged, strangulation is not a lesser-included offense of murder of the third degree. Because strangulation requires proof of an element that murder does not—impeding the breathing or circulation of the blood of another person by applying pressure to the throat or neck—the two crimes do not merge for sentencing purposes, and the trial court did not err in this regard.

Judgment of sentence affirmed.

---

[2] Similarly, murder of the third degree requires proof of an element that strangulation does not: causing the death of the victim.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/3/2024