J-S37044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS TEAGUE | : | |
| | : | |
| Appellant | : | No. 2318 EDA 2021 |

Appeal from the PCRA Order Entered November 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003291-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS TEAGUE | : | |
| | : | |
| Appellant | : | No. 2319 EDA 2021 |

Appeal from the PCRA Order Entered November 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002400-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS TEAGUE | : | |
| | : | |
| Appellant | : | No. 2320 EDA 2021 |

Appeal from the PCRA Order Entered November 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002401-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS TEAGUE | : | |
| | : | |
| Appellant | : | No. 2321 EDA 2021 |

Appeal from the PCRA Order Entered November 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002405-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS TEAGUE | : | |
| | : | |
| Appellant | : | No. 2322 EDA 2021 |

Appeal from the PCRA Order Entered November 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002406-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS TEAGUE | : | |
| | : | |
| Appellant | : | No. 2323 EDA 2021 |

Appeal from the PCRA Order Entered November 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002408-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |

|  | : |  |
|---|---|---|
|  | : |  |
|  | : |  |
| MARCUS TEAGUE | : |  |
|  | : |  |
| Appellant | : | No. 2324 EDA 2021 |

Appeal from the PCRA Order Entered November 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002410-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| MARCUS TEAGUE | : |  |
|  | : |  |
| Appellant | : | No. 2325 EDA 2021 |

Appeal from the PCRA Order Entered November 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002411-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| MARCUS TEAGUE | : |  |
|  | : |  |
| Appellant | : | No. 209 EDA 2022 |

Appeal from the PCRA Order Entered January 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002409-2014

BEFORE:  BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 16, 2022**

J-S37044-22

Appellant, Marcus Teague, appeals from the order entered on January 3, 2022, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth the facts and procedural history of this case as follows:

Between October and November 2013, Appellant [] committed a series of robberies in Philadelphia. He held several of his victims at gunpoint, and knocked one victim to the ground, causing that victim to hit his head. All victims positively identified [] Appellant.

As a result of these incidents, Appellant was arrested and charged with [10] counts of robbery and related offenses. On December 2, 2014, Appellant entered into a negotiated plea before [the trial] court to [10] counts of robbery, five counts of [persons not to possess a firearm], five counts of carrying a firearm without a license, and six counts of possession of an instrument of crime. On February 18, 2015[, the trial court] sentenced Appellant to an aggregate term of [20] to [40] years of [imprisonment], followed by seven years of probation.

Appellant filed a motion for reconsideration of sentence, which [the trial] court denied. No direct appeal followed, and on February 12, 2016, Appellant filed a petition pursuant to the [PCRA] in which he sought to have his appellate rights reinstated *nunc pro tunc*. [The trial] court granted Appellant's petition on September 18, 2017, and Appellant then filed a notice of appeal to the Superior Court. The Superior Court affirmed [the trial] court's sentence on February 19, 2019. Appellant then filed a petition for allowance of appeal to the Supreme Court of Pennsylvania. The Supreme Court denied Appellant's petition on July 30, 2019. On October 26, 2020, Appellant, through counsel, filed the instant PCRA petition for all docket[ numbers as captioned above, except one.] On June 8, 2021, Appellant filed an identical [PCRA] petition [at the remaining docket number]. [The PCRA] court denied Appellant's October 2020 petition on November 8, 2021, and denied his June 2021 petition on January 3, 2022. Appellant filed timely notices of appeal to the Superior

- 4 -

Court on November 12, 2021 and January 6, 2022.[1 The PCRA] court issued orders pursuant to Pa.R.A.P. 1925(b) requiring Appellant to file a concise statement of [errors] complained of on appeal. Appellant filed timely concise statements on December 19, 2021 and February 14, 2022. [The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on February 2, 2022.]

PCRA Court Opinion, 2/22/22, at 1-2 (superfluous capitalization omitted).

On appeal, Appellant presents the following issues for our review:

1. Did the [PCRA] court err and abuse its discretion by dismissing Appellant's petition and denying an evidentiary hearing as Appellant was promised by previous counsel to be sentenced concurrently rather than consecutively?

2. Did the [PCRA] court err and abuse its discretion by dismissing Appellant's petition and denying an evidentiary hearing as Appellant received ineffective assistance of counsel as there was a failure to provide the [trial] court with mitigation at sentencing?

3. Did the [PCRA] court err and abuse its discretion by dismissing Appellant's petition and denying an evidentiary hearing [because] Appellant claims that eit[h]er the trial court was not in possession of the [presentence investigation]/mental health report or[,] in the alternative, [Appellant's] previous attorneys were ineffective for failing to reference it?

Appellant's Brief at 8 (complete capitalization and suggested answers omitted).

---

[1] We note that Appellant filed multiple notices of appeal, one for each docket number. Each notice of appeal lists all eight of the captioned docket numbers but denote each individual notice of appeal with a check mark next to each separate docket number. As such, Appellant has complied with our Supreme Court's pronouncements in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) and this Court's *en banc* decision in ***Commonwealth v. Johnson***, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*). By *per curiam* order entered on February 22, 2022, we consolidated the appeals *sua sponte*.

All of Appellant's appellate PCRA issues implicate the effectiveness of trial counsel. We employ the following standards:

> We must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party.
>
> The PCRA court's credibility determinations, when supported by the record, are binding; however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

> Moreover,
>
> [c]ounsel is presumed to be effective, and the petitioner bears the burden of proving that counsel's assistance was ineffective by a preponderance of the evidence.
>
> To prevail on a claim of ineffective assistance of counsel, the petitioner must plead and prove the following three elements: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) petitioner suffered prejudice as a result of counsel's action or inaction. To establish prejudice, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Because a petitioner's failure to satisfy any of the above-mentioned elements is dispositive of the entire claim, a court need not analyze the elements in any particular order. Failure to satisfy one element is dipositive.

*Commonwealth v. Hairston*, 249 A.3d 1046, 1061–1062 (Pa. 2021) (internal citations omitted).

We have further explained:

A claim has arguable merit where the factual averments, if accurate, could establish [grounds] for relief. ***See Commonwealth v. Jones***, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim ..., he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.

***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013).

Here, the PCRA court determined that there was no merit to Appellant's three PCRA claims. For the reasons that follow, we agree. First, the PCRA court rejected Appellant's claim that trial counsel was ineffective for erroneously advising him that he would receive a specific sentence for pleading guilty. PCRA Court Opinion, 2/22/22, at 6. Appellant signed a written guilty plea colloquy, which he confirmed orally in open court, that he was entering into an open plea agreement rather than a negotiated sentence. ***See Commonwealth v. Vega***, 850 A.2d 1277, 1280 (Pa. Super. 2004) (An "open" plea agreement is one in which there is no negotiated sentence and gives the trial court discretion to impose an individualized sentence.) Next, on December 2, 2014, the trial court accepted Appellant's open plea, ordered the preparation of pre-sentence investigation (PSI) and mental health reports, and scheduled sentencing for February 18, 2015. N.T., 12/2/2014, at 8. At the beginning of the sentencing hearing, the trial court reiterated that it had already accepted Appellant's open guilty plea. N.T., 2/18/2015, at 4-5. The trial court received letters from Appellant's brother and sister. **Id.** at 13-14.

One of the victims gave impact testimony at sentencing. *Id.* at 15-21. Appellant exercised his right to allocution. *Id.* at 22-33. Before sentencing Appellant, the trial court stated that it considered the sentencing guidelines, PSI report, mental health evaluation, terms of the plea, victim impact testimony, nature of the crimes and use of weapons, Appellant's 25-year criminal history, written letters from family and parental relationships, and Appellant's statements to the court. *Id.* at 34-35; *see also Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (citation omitted) (Where PSI and/or mental health reports exist, we presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors). Accordingly, the PCRA court determined that there was no merit to Appellant's claims that trial counsel was ineffective for failing to present mitigating evidence or failing to object to the absence of a PSI report or mental health evaluation. PCRA Court Opinion, 2/22/22, at 5-6. Based upon review of the certified record, the parties' appellate briefs, the PCRA court's opinion, and applicable law, we conclude that the PCRA court thoroughly and accurately addressed all of the issues raised by Appellant and we discern no abuse of discretion or error of law in ruling on his claims. Consequently, we affirm on the basis of the PCRA court opinion issued on February 22, 2022 and adopt it as our own. The parties are instructed to attach a copy of the PCRA court opinion to all future filings regarding this appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/16/2022

FILED

2022 FEB 22 AM 11: 39

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| COMMONWEALTH OF PENNSYLVANIA | : | |
|---|---|---|
| | : | CP-51-CR-0003291-2014 |
| | : | CP-51-CR-0002400-2014 |
| v. | : | CP-51-CR-0002401-2014 |
| | : | CP-51-CR-0002405-2014 |
| | : | CP-51-CR-0002406-2014 |
| | : | CP-51-CR-0002408-2014 |
| | : | CP-51-CR-0002409-2014 |
| | : | CP-51-CR-0002410-2014 |
| | : | CP-51-CR-0002411-2014 |
| Marcus Teague | : | |
| | : | 2318 EDA 2021 |
| | : | 2319 EDA 2021 |
| | : | 2320 EDA 2021 |
| | : | 2321 EDA 2021 |
| | : | 2322 EDA 2021 |
| | : | 2323 EDA 2021 |
| | : | 2324 EDA 2021 |
| | : | 2325 EDA 2021 |
| | : | 209 EDA 2022 |

MEANS, J.                                        February 22, 2022

## OPINION

## HISTORY

Between October and November 2013, Appellant, Marcus Teague, committed a series of

robberies in Philadelphia. He held several of his victims at gunpoint, and knocked one victim to

the ground, causing that victim to hit his head. All victims positively identified the Appellant.

1

As a result of these incidents, Appellant was arrested and charged with ten counts of robbery and related offenses. On December 2, 2014, Appellant entered into a negotiated plea before this Court to ten counts of robbery, five counts of possession of a firearm prohibited, five counts of carrying a firearm without a license, and six counts of possession of an instrument of a crime. On February 18, 2015 this Court sentenced Appellant to an aggregate term of twenty to forty years of confinement, followed by seven years of probation.

Appellant subsequently filed a Motion for Reconsideration of Sentence, which this Court denied. No direct appeal followed, and on February 12, 2016, Appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA") in which he sought to have his appellate rights reinstated *nunc pro tunc*. This Court granted Appellant's petition on September 18, 2017, and Appellant then filed a Notice of Appeal to the Superior Court of Pennsylvania. The Superior Court affirmed this Court's sentence on February 19, 2019. Appellant then filed a petition for allowance of appeal to the Supreme Court of Pennsylvania. The Supreme Court denied Appellant's petition on July 30, 2019. On October 26, 2020, Appellant, through counsel, filed the instant PCRA petition for all dockets except CP-51-CR-0002409-2014. On June 8, 2021, Appellant filed an identical petition for CP-51-CR-0002409-2014. This Court denied Appellant's October 2020 petition on November 8, 2021, and denied his June 2021 petition on January 3, 2022. Appellant filed timely Notices of Appeal to the Superior Court on November 12, 2021 and January 6, 2022. This Court subsequently issued orders pursuant to Pa.R.A.P. 1925(b) requiring Appellant to file a Concise Statement of Matters Complained of on Appeal. Appellant filed timely Concise Statements on December 19, 2021 and February 14, 2022.

2

## LEGAL ISSUES

In his Concise Statements, Appellant argues that this Court erred in denying his petition because trial counsel was ineffective for failing to present mitigating evidence at sentencing, erroneously advising Appellant regarding his sentencing, and for failing to object to the lack of a presentence investigation (PSI) and mental health report at the time of sentencing.

When raising an issue through a PCRA petition, a defendant must plead and prove by a preponderance of the evidence that the conviction resulted from one of the reasons enumerated in 42 Pa. C.S. § 9543:

> (a)(2)(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> (a)(2)(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> (a)(2)(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

> (a)(2)(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

> (a)(2)(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

> (a)(2)(vii) The imposition of a sentence greater than the lawful maximum.

> (a)(2)(viii) A proceeding in a tribunal without jurisdiction.

3

42 Pa. C.S. § 9543. Defendant must then show that the claim has not been previously litigated. 42 Pa. C.S. §§ 9543(a)(2)(i)-(vii); 42 Pa. C.S. § 9543(a)(3); 42 Pa. C.S. § 9544(a)-(b). The term "previously litigated" means, "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa. C.S. § 9544(a)(2). Finally, Defendant must prove that failure to litigate the issue was not "the result of any rational, strategic or tactical decision by counsel." 42 Pa. C.S. § 9543(a)(4).

Defendant's heavy burden in proving counsel ineffective is well established. Counsel is presumed to be effective and the defendant has the burden of proving otherwise. Commonwealth v. Neal, 713 A.2d 657, 662 (Pa. Sup. 1998). Accord Commonwealth v. Jones, 438 Pa. Sup. 306, 311, 652 A.2d 386 (1995). To rebut this presumption, the defendant must show that: (1) his underlying claim has arguable merit; (2) prior counsel's performance was unreasonable; and (3) counsel's ineffectiveness prejudiced defendant. Commonwealth v. Beasley, 544 Pa. 554, 565, 678 A.2d 773, 778 (1996); Neal, 713 A.2d at 662.

Defendant cannot present an ineffectiveness claim due to counsel's unreasonable performance merely by arguing, with the benefit of hindsight, that counsel could have taken different steps. Rather, he must prove that counsel's strategy was "so unreasonable that no competent lawyer would have chosen it." Commonwealth v. Dunbar, 503 Pa. 590, 470 A.2d 74, 77 (1983). Accord, e.g., Commonwealth v. Albrecht, 510 Pa. 603, 511 A.2d 764, 775 (1986).

Prejudice can be established by a showing that, but for counsel's faulted action or omission, there exists a reasonable probability that the outcome would have been different. Commonwealth v. Kimball, 724 A.2d 326 (Pa. 1999). If it is clear that the defendant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis

4

alone, and the court need not inquire if the first and second prongs have been met. Commonwealth v. Baker, 614 A.2d 663 (Pa. 1992).

Additionally, "where it is clear that allegations of ineffectiveness are baseless or meritless then an evidentiary hearing is unnecessary and the unfounded allegations should be rejected and dismissed." Commonwealth v. Clemmons, 479 A.2d 955, 957 (Pa. 1984). An evidentiary hearing is only warranted when a petitioner has set forth sufficient facts upon which a reviewing court can conclude that trial counsel may have been ineffective. Commonwealth v. Pettus, 424 A.2d 1332, 1335 (Pa. 1981). The controlling factor in determining whether a petition may be dismissed without a hearing is the legitimacy of the substantive assertions in the petition. Commonwealth v. Weddington, 522 A.2d 1050, 1052 (Pa. 1987).

In the instant case, Appellant cannot show that trial counsel was ineffective for failing to present mitigating evidence at sentencing in the form of testimony from family members because trial counsel did in fact submit letters from family members, and because Appellant offered no evidence that the absence of his family's testimony was prejudicial. To show that counsel was ineffective for failing to call a witness, a defendant must show that: (1) the witness existed, (2) the witness was available to testify for the defense, (3) counsel knew or should have known about the witness, (4) the witness was willing to testify for the defense, and (5) the absence of that witness's testimony was so prejudicial as to deny defendant fair proceedings. Commonwealth v. Thomas, 44 A.3d 12, 23 (Pa. 2012). In support of his claim, Appellant provided letters from four family members who say they were willing and available to testify at his sentencing hearing, but were not called as witnesses. The letters do not say what the nature of their testimony would have been. Appellant did not offer an explanation as to how their

5

testimony would differ from the letters submitted by trial counsel at the time of sentencing, or how their testimony would have affected his sentence. As such, his claim has no merit.

Appellant cannot show that trial counsel was ineffective for erroneously advising him as to his sentence because his oral and written colloquies indicate that his plea was knowing, intelligent, and voluntary. Appellant alleges that trial counsel told him he would receive a sentence of ten to twenty years of incarceration, and argues that the minimal evidence presented by trial counsel at the time of sentencing shows that there was a negotiated sentence. Nothing in the record supports this assertion. Appellant signed guilty plea colloquies for each docket, all of which indicated that he was entering an open plea and outlined his sentencing exposure for each transcript. These signed pleas directly contradict Appellant's assertion that he was offered or promised a specific sentence. Moreover, counsel confirmed at the start of the hearing that Appellant was entering into an open plea. Appellant was given opportunities to ask questions of his lawyer, the Commonwealth, and this Court and given time to speak at the time of sentencing. At no time during the hearing did Appellant indicate any confusion as to the nature of his plea, or that he believed he had been promised a specific sentence. As such, this claim is without merit.

Finally, Appellant cannot show that trial counsel was ineffective for failing to object to the absence of PSI and mental health reports or this Court's failure to rely on said reports because both a PSI and a mental health report were prepared prior to sentencing, and this Court properly relied on them when fashioning Appellant's sentence. The record clearly shows that the mental health report was completed on February 3, 2015, and the PSI was completed on February 9, 2015, both in advance of the February 18, 2015 sentencing. When a presentence report has been prepared, the sentencing court is presumed to have reviewed and properly relied

6

on its contents. <u>Commonwealth v. Kitchen</u>, 162 A.3d 1140, 1147 (Pa. Super. 2017). This Court also clearly stated at the time of sentencing that it had taken both reports into account. N.T. 2/18/2015 at 34-35. Therefore, Appellants' claims are without merit.

## CONCLUSION

For the above reasons the judgment of this Court must stand.

BY THE COURT:

MEANS, J

7