J-S29044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY SINGLETON | : | |
| | : | |
| Appellant | : | No. 1074 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 22, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000019-2021

BEFORE: PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: JANUARY 09, 2023**

Appellant, Corey Singleton, appeals from the aggregate judgment of sentence of three to six years' incarceration imposed by the Court of Common Pleas of Allegheny County following a non-jury trial at which he was convicted of carrying a firearm without a license, reckless endangerment, and two Vehicle Code offenses, driving while operating privilege is suspended or revoked and reckless driving.[1] For the reasons set forth below, we affirm.

The facts out of which this case arises, as found by the trial court, are as follows:

> On April 28. 2020, police officers were dispatched to 2315 Fairland Street within the City of Pittsburgh for a reported theft. Upon

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6106(a)(1) and 2705 and 75 Pa.C.S. §§ 1543(a) and 3736(a), respectively.

arriving at the scene, officers were advised by the victim that the defendant had been at the residence and stole a tan Glock 22 .40 caliber firearm, an axe/machete and a Motorola cell phone. The victim informed officers that the defendant fled in a gray Toyota Corolla vehicle.

Police officers checked the area and located the Toyota Corolla. The Toyota Corolla was stopped. A police officer exited his police vehicle and began walking toward the Corolla. The defendant, who was driving the Corolla, shifted and began to drive away. Another officer arrived on the scene. The defendant accelerated the vehicle toward the second officer. The second officer ran from the path of the Corolla just before it struck a door of the police vehicle. The Corolla then struck a parked car a[n]d rolled onto its driver's side. The police officers quickly approached the Corolla and observed the defendant attempting to grab a tan firearm. Officers ordered the defendant to drop it and he complied. The defendant was removed from the vehicle and placed into custody. The stolen Glock firearm and the Motorola phone were recovered from the vehicle. Marijuana was also recovered. The defendant's driver's license was suspended and he did not have a permit to carry a concealed firearm.

Trial Court Opinion at 2.

Appellant was charged with carrying a firearm without a license, three counts of reckless endangerment, possession of a firearm by a person prohibited, aggravated assault, two counts of theft by unlawful taking, possession of marijuana and the Vehicle Code offenses of driving while operating privilege is suspended or revoked and reckless driving. A bench trial of these charges was held on May 3, 2021. At this trial, the trial court found Appellant guilty of carrying a firearm without a license, one count of reckless endangerment, and the two Vehicle Code offenses, the Commonwealth *nolle prossed* the two counts of theft by unlawful taking, and

the trial court acquitted Appellant of the remaining charges. N.T. Trial at 53-54, 116-17, 123, 127, 130-33.

For defendants with Appellant's prior record score, the sentencing guidelines provide that both the standard range and mitigated range minimum sentences for carrying a firearm without a license are three-and-one-half years and that the standard range minimum sentence for reckless endangerment is one year. Guideline Sentence Forms. On July 22, 2021, the trial court sentenced Appellant to consecutive terms of two to four years' incarceration for the carrying a firearm without a license conviction and one to two years' incarceration for the reckless endangerment conviction and imposed no further penalty for the Vehicle Code offenses, resulting in an aggregate sentence of three to six years' incarceration. N.T. Sentencing at 12-13; Sentencing Order. Appellant filed timely post sentence motions for a new trial on weight of the evidence grounds and for reconsideration of his sentence. On August 4, 2021, the trial court denied Appellant's post-sentence motions. Trial Court Order, 8/4/21. This timely appeal followed.

Appellant presents the following single issue for our review:

Whether the trial court abused its discretion by imposing Mr. Singleton's sentence for Firearms Not to be Carried Without a License (2-4 years' incarceration) consecutive to his sentence for Recklessly Endangering Another Person (1-2 years' incarceration), where the aggregate sentence was unduly harsh, given the nature of the offenses, the length of this imprisonment, and the trial court's failure to consider Mr. Singleton's character, personal history, and treatment and rehabilitation needs as required by 42 Pa.C.S.A. § 9721(b)?

Appellant's Brief at 7.

This issue is a challenge to the discretionary aspects of Appellant's sentence. Challenges to the discretionary aspects of a sentence are not appealable as of right and may be considered only where the following requirements are satisfied: 1) the appellant has preserved the issue in the trial court at sentencing or in a motion for reconsideration of sentence; 2) the appellant has included in his brief a concise statement of the reasons relied on for his challenge to the discretionary aspects of his sentence in accordance with Pa.R.A.P. 2119(f), and 3) the challenge to the sentence raises a substantial question that the sentence is not appropriate under the Sentencing Code. *Commonwealth v. Watson*, 228 A.3d 928, 935 (Pa. Super. 2020); *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Appellant has satisfied the first two of these requirements. Appellant filed a timely post sentence motion for reconsideration of his sentence. Post-Sentence Motion at 2. Appellant has also included a Pa.R.A.P. 2119(f) statement in his brief. Appellant's Brief at 22-30. Appellant, however, has not satisfied the third requirement.

A substantial question exists where the appellant advances a colorable argument that the sentencing judge's actions were inconsistent with a specific provision of the Sentencing Code or were contrary to the fundamental norms of the sentencing process. *Commonwealth v. Caldwell*, 117 A.3d 763, 768

(Pa. Super. 2015) (*en banc*); **Commonwealth v. Antidormi**, 84 A.3d 736, 759 (Pa. Super. 2014). A claim that a sentence was excessive coupled with a claim that the trial court did not consider defendant's rehabilitative needs presents a substantial question. **Caldwell**, 117 A.3d at 770. Where a sentence for an offense does not exceed the standard guideline sentence range and the trial court had the benefit of a pre-sentence report, however, this Court will not consider the sentence excessive or unreasonable and a claim that the trial court did not consider the defendant's rehabilitative needs does not present a substantial question. **Commonwealth v. Griffin**, 65 A.3d 932, 936-38 (Pa. Super. 2013); **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010).

Here, neither of the sentences imposed by the trial court can colorably be characterized as harsh or excessive. The sentence for carrying a firearm without a license was below the mitigated guideline range and the reckless endangerment sentence was a standard guideline sentence. Guideline Sentence Forms; N.T. Sentencing at 3, 12. The sentence imposed was also below the sentence sought by the Commonwealth. N.T. Sentencing at 3-4, 12. Nor is there any colorable argument that the trial court failed to consider Appellant's rehabilitative needs. The record not only is undisputed that the trial court considered a pre-sentence report, but also shows that the trial court considered a sentencing advocacy report submitted by Appellant in deciding the sentence that it would impose. N.T. Sentencing at 2-3, 10.

The fact that the trial court imposed consecutive sentences does not change this. A trial court has discretion to impose sentences consecutively to other sentences imposed at the same time or to sentences already imposed in other cases, and a challenge to the exercise of this discretion ordinarily does not raise a substantial question. *Commonwealth v. Radecki*, 180 A.3d 441, 468-70 (Pa. Super. 2018); *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014); *Moury*, 992 A.2d at 171. A defendant is not entitled to a "volume discount" for separate crimes, even if they are committed in close temporal proximity. *Zirkle*, 107 A.3d at 133-34. The imposition of consecutive, rather than concurrent, sentences for separate criminal acts only raises a substantial question in extreme circumstances, where the aggregate sentence is unduly harsh considering the nature of the crimes and the length of imprisonment. *Radecki*, 180 A.3d at 469-70 (challenge to consecutive sentences for crimes against separate victims that resulted in an 11 year 1 month to 22 year 2 month aggregate sentence did not raise a substantial question); *Zirkle*, 107 A.3d at 131, 134 (challenge to consecutive sentences for three separate burglaries committed on the same day that resulted in a 17 year 1 month to 40 year aggregate sentence did not raise a substantial question); *Moury*, 992 A.2d at 171-72, 175 (challenge to consecutive sentences for two discharge of a firearm into an occupied structure convictions, other weapons offenses, and multiple reckless endangerment convictions that resulted in an aggregate sentence of three to six years'

incarceration plus seven years' probation did not raise a substantial question). *Compare Caldwell*, 117 A.3d at 767, 769-70 (failure to consider defendant's rehabilitative needs coupled with excessiveness claim presented a substantial question where aggregate sentence was 31 to 62 years in prison).

No extreme circumstances are present here. Appellant's two convictions were for separate crimes based on different acts that he committed. Appellant's firearms conviction was for his possession of a handgun and he was convicted of reckless endangerment for driving his car into a police vehicle and narrowly missing hitting the police officer who was getting out of the vehicle. Appellant's aggregate sentence of three to six years' incarceration cannot be characterized as harsh or extreme. Appellant's aggregate sentence is not only less than the maximum sentence of three-and-one-half to seven years that Appellant could have received for just the carrying a firearm without a license conviction, it is also less than the mitigated guideline sentence for that offense by itself. 18 Pa.C.S. § 6106(a); 18 Pa.C.S. § 1103(3); Guideline Sentence Forms.

Because Appellant's challenge to his sentence does not raise a substantial question that the sentence is not appropriate under the Sentencing Code, his lone issue in this appeal merits no relief. We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  01/09/2023