J-S41014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERICA HARRIS | : | |
| | : | |
| Appellant | : | No. 1352 WDA 2022 |

Appeal from the PCRA Order Entered October 19, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005275-2016

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED: JANUARY 3, 2024**

Erica Harris appeals from the order dismissing her first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. Harris argues that her plea counsel was ineffective for failing to properly present mitigating evidence at sentencing. We affirm.

This Court previously set forth the relevant underlying factual and procedural history:

> On March 24, 2016, [Harris] drove a vehicle registered to her to a residence on Boggs Avenue in the Mt. Washington section of the City of Pittsburgh where the victim, Saevon Scott Ponder, was located. [Harris] had originally attempted to purchase marijuana from the victim. When the victim didn't meet [Harris's] demand, she contacted her boyfriend[, co-defendant Mitchell Coles,] and one of his friends[, co-defendant Johnnie Raines,] to help her obtain the marijuana. The three of them returned to the Boggs Avenue residence. A witness at that residence reported that the

---

[*] Former Justice specially assigned to the Superior Court.

victim had been with the witness at the Boggs Avenue residence. There was a knock on the door and the victim went outside with the person or persons who knocked on the door. The victim came back inside and grabbed some Xanax bars (illegal narcotics). The victim went back outside and left with [Harris] and the two other males. A short time later, the victim called the witness and asked the witness to come outside. The witness came outside and observed the victim fleeing from inside the vehicle and running away from the area. [Coles and Raines chased after the victim and led him back to the car Harris was driving.] Shortly thereafter, [Coles and Raines] were seen leading the victim to an area in [the] Beltzhoover section of the City of Pittsburgh adjacent to Mt. Washington. Gunshots were heard and the victim was found lying dead on the street. Video surveillance confirmed the circumstances of the incident including the fact that [Harris] had been driving the vehicle that transported [Coles, Raines,] and the victim to the scene of the homicide. One of the shooters, when questioned, confirmed that [Harris] had driven them to the Boggs Avenue residence and to the scene of the shooting.

On May 8, 2017, Harris entered an open guilty plea to [third-degree murder, conspiracy to commit murder, and kidnapping.[1]] On August 2, 2017, the [trial] court sentenced her to 15 to 30 years' imprisonment for her third-degree murder conviction, a consecutive term of 5 to 15 years' incarceration for her kidnapping offense, and no further penalty for her conspiracy charge. Thus, [Harris's] aggregate sentence is 20 to 45 years' incarceration.[2]

_____

[1] Initially, the Commonwealth and Harris had agreed to a plea deal wherein Harris was only charged with kidnapping, conspiracy, and possession of marijuana. **See** N.T., 5/8/17, at 10. "Part of that agreement was she have no contact whatsoever with [] Coles." **Id.** However, Harris "flagrantly violated that agreement, repeatedly spoke to him on the phone, spoke to him about this case, these charges, [and] the circumstances." **Id.** Consequently, the Commonwealth voided the deal and added a homicide charge to Harris's information.

[2] Coles received aggregate term of 20 to 50 years in prison and Raines received an aggregate sentence of 20 to 45 years in prison.

- 2 -

***Commonwealth v. Harris***, 383 WDA 2018 (Pa. Super. filed June 24, 2019) (unpublished memorandum at 1-2) (footnotes added).

Harris appealed, challenging, *inter alia*, the discretionary aspects of sentencing and arguing that the trial court failed to consider her character and individual circumstances in fashioning her excessive sentence. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. ***See id.***, *appeal denied*, 231 A.3d 784 (Pa. 2020).

Harris filed a *pro se* PCRA petition, and thereafter, a counseled amended PCRA petition, arguing that plea counsel was ineffective for failing to raise an effective mitigation case at sentencing. The PCRA court issued a Pa.R.Crim.P. 907 notice. Harris filed a response. Subsequently, the PCRA court dismissed Harris's PCRA petition. Harris timely appealed.

On appeal, Harris raises the following question for our review:

At [] Harris'[s] sentencing, her trial counsel failed to rebut the prosecutor's exaggerated portrayal of [] Harris'[s] role in the offense as well as failed to present compelling mitigation evidence. In his witness certification, moreover, trial counsel admitted that he had no reasonable basis for failing to do these things. Nevertheless, the PCRA court dismissed [] Harris'[s] petition without a hearing. Did the court err?

Appellant's Brief at 4.

This Court's standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. ***See Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011). Further, there is no absolute right to

a PCRA hearing, and we review dismissal "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Commonwealth v. Burton**, 121 A.3d 1063, 1067 (Pa. Super. 2015) (*en banc*) (citation omitted).

To succeed on an ineffectiveness claim, Harris must demonstrate by a preponderance of evidence that "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." **Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). Counsel is presumed to be effective, and the burden is on Harris to prove otherwise. **See Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. **See Commonwealth v. Montalvo**, 244 A.3d 359, 368 (Pa. 2021).

Harris contends that plea counsel was ineffective for failing to present a proper mitigation case during sentencing. **See** Appellant's Brief at 26, 34. Harris maintains that the prosecution exaggerated Harris's role in the murder, noting that although she drove Coles and Raines to the victim's home, Coles was the ringleader of the group and she did not actually shoot the victim. **See id.** at 26-27. Harris argues that counsel should have effectively addressed her role in the shooting during sentencing to allow the trial court to impose a fair and just sentence. **See id.** at 27, 34. Harris further asserts that Coles was

abusive and controlling of her and counsel failed to present evidence of domestic violence at sentencing. ***See id.*** at 28-29, 34. Likewise, counsel failed to discuss Harris's life history, including the fact that her parents were drug addicts, she was on her own from the time she was 16 years old, she graduated from high school, she was meaningfully employed at the time of the murder, and she gave birth to a daughter while on bond in the instant case. ***See id.*** at 29-31. Moreover, counsel did not review or inform the court about Harris's mental health history, which showed Harris suffered from anxiety and depression. ***See id.*** at 31-32, 34.

Harris argues that counsel did not have a reasonable basis for failing to provide this mitigation evidence, highlighting that counsel admitted to this fact. ***See id.*** at 33, 35-36. Harris also contends that she was prejudiced by counsel's failure. ***See id.*** at 37-38. According to Harris, "there is a reasonable probability that the proceeding's outcome would have been different and [she] would have received a substantially reduced sentence." ***Id.*** at 38.

Finally, Harris claims that the PCRA court erred in dismissing her PCRA petition without a hearing to allow her the opportunity to provide testimony and evidence. ***See id.*** at 38-41. Harris takes issue with the PCRA court's finding that the trial court had all of the relevant information prior to sentencing. ***See id.*** at 40-41. Additionally, Harris notes that while she was ordered to stay away from Coles, she was a victim of domestic abuse and that it was not surprising she could not fulfill the no-contact order. ***See id.*** at 41.

As noted, Harris's legal theory of relief is based on her belief that she would have received a lesser sentence if counsel would have presented the evidence she highlights. In that regard, we note that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Watson*, 228 A.3d 928, 936-37 (Pa. Super. 2020) (citation omitted). "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa. Super. 2009) (citation omitted). When imposing a sentence, the sentencing court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character." *Watson*, 228 A.3d at 937.

Here, Harris has failed to establish that but for counsel's failure to provide additional mitigation evidence, the sentence would have been different. In fact, the PCRA court judge, who was the same as the sentencing judge, explicitly found that "the sentence imposed in this case would not have

changed had trial counsel made the arguments advanced by PCRA counsel in this appeal." PCRA Court Opinion, 1/18/23, at 5.

At sentencing, the trial court noted that it considered the presentence investigation report, including Harris's mental health history. **See id.**; N.T., 8/2/17, at 2-3; **see also Watson**, 228 A.3d at 936 (stating that where the trial court is informed by a presentence investigation report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed). The trial court further acknowledged the letters written on Harris's behalf, and heard from the victim's family, and Harris, who expressed her regret over the murder and apologized to the victim's family, noted her remorse and plan to make changes in her life, and talked about her family and daughter. **See** N.T., 8/2/17, at 2-3, 4-10, 11-13. Notably, the trial court "considered [Harris's] role in the offense and [the trial court] did not consider [Harris] to be the 'ringleader.' It did, however, consider her role to be a facilitator of the offense." PCRA Court Opinion, 1/18/23, at 5; **see also** N.T., 8/2/17, at 31-35 (wherein the trial court explained that Harris did not shoot the victim, but started and facilitated the events leading to the murder).

While we acknowledge that domestic violence victims may have difficultly leaving such a situation and the impact of Harris's imprisonment on her daughter, the PCRA court clearly did not believe that any additional mitigating factors entitled Harris to a lower sentence. **See** PCRA Court

Opinion, 1/18/23, at 5. Significantly, an appellate court "may not reweigh the sentencing factors and impose our own judgment in place of that of the trial court." **Commonwealth v. Snyder**, 289 A.3d 1121, 1126-27 (Pa. Super. 2023) (citation omitted); **see also Commonwealth v. Naranjo**, 53 A.3d 66, 72-73 (Pa. Super. 2012) (holding that the trial court did not abuse its discretion in imposing the sentence where it "reviewed a pre-sentence report and, therefore, appropriately weighed the requisite sentencing factors[,]" and "simply chose to emphasize certain factors more heavily than [a]ppellant's remorse, potential for rehabilitation, and his status as a first time offender." (citation omitted)). Therefore, based upon Harris's involvement in the murder and the trial court's consideration of all relevant factors and the presentence investigation report in sentencing Harris, the PCRA court did not err in concluding the sentence would not have changed with evidence of additional mitigating factors. **See** 42 Pa.C.S.A. § 9721(b); **Watson**, 228 A.3d at 937.

Accordingly, Harris has not established she was prejudiced by counsel's failure to provide proper mitigation evidence at the sentencing hearing, and her ineffectiveness claim fails. **See Montalvo**, 244 A.3d at 368. Moreover, the PCRA court did not err in dismissing the PCRA petition without a hearing, as Harris has not raised a genuine issue of fact which, if resolved in her favor, would have entitled her to relief. **See Burton**, 121 A.3d at 1067.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 1/3/2024