J-S25044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  v.  :
  :
  :
JENNIFER ANNE SEMISA   :
  :
  Appellant  :   No. 451 EDA 2024

Appeal from the Judgment of Sentence Entered January 3, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002609-2022

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:      **FILED SEPTEMBER 4, 2025**

Appellant, Jennifer Anne Semisa, appeals from the judgment of sentence of 12 to 60 months' incarceration, imposed after a jury convicted her of driving under the influence (DUI) – highest rate (75 Pa.C.S. § 3802(c)), and other related offenses. On appeal, Appellant solely challenges the discretionary aspects of her sentence. We affirm.

Appellant was charged with DUI under section 3802(c) based on evidence that she was driving her vehicle with a blood alcohol content of .233%. It was Appellant's second DUI offense. On June 26, 2023, a jury convicted Appellant of DUI – highest rate, as well as DUI – general impairment (75 Pa.C.S. § 3802(a)(1)), driving while operating privileges are suspended or revoked (75 Pa.C.S. § 1543(a)), and public drunkenness (18 Pa.C.S. § 5505). Sentencing was delayed due to Appellant's failure to initially appear for that proceeding, as well as for the preparation of a presentence

investigation (PSI) report. Mental health and drug/alcohol evaluations were also conducted. Ultimately, Appellant was sentenced on January 3, 2024, to the aggregate term set forth *supra*.

Appellant filed a timely post-sentence motion. Therein, she stated, in pertinent part, the following:

> 4. [Appellant] is aware of her need for both mental health and intensive outpatient alcohol treatment and has a regimen in place through Ethos Clinic in Bethlehem and Pyramid Health in Bartonsville.
>
> 5. [Appellant] desires to be able to return to full time employment as a certified nurses [*sic*] aide and to be a source of emotional and financial support for her adult children.
>
> 6. [Appellant] requests leave to submit medical records documenting her hospitalizations and appointments scheduled on August 2, 2023 (when the PSI interview was scheduled to take place)[,[1]] and September 27, 2023 (when [Appellant] missed the rescheduled sentencing date).
>
> WHEREFORE it is respectfully requested that a hearing be scheduled and thereafter the imposed sentence be reconsidered.

Post-Sentence Motion, 1/11/24, at 1-2 (unnumbered). The court denied Appellant's post-sentence motion on February 2, 2024. She then filed a timely notice of appeal.

Thereafter, significant delays occurred in Appellant's ordering the transcripts and filing her Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, which the trial court thoroughly details in its Rule

---

[1] The record indicates Appellant did not show up for the PSI interview. ***See*** N.T. Sentencing Hearing, 1/3/24, at 9 (the Commonwealth's stating that Appellant rescheduled her initial PSI interview, and then did not show up for her rescheduled appointment).

1925(a) opinion filed on July 12, 2024. **See** Trial Court Opinion (TCO), 7/12/24, at 3-9. Ultimately, Appellant filed a concise statement, and the court filed its responsive Rule 1925(a) opinion. Herein, Appellant states one issue for our review:

> Did the trial court abuse its discretion by sentencing the Appellant to a statutory maximum 1-to-5-year state sentence where (a) [two] of her [three prior record score (PRS)] points stem from a 2001 felony conviction[,] (b) she has diagnosed mental health issues including bipolar disorder and [post-traumatic stress disorder (PTSD),] and (c) the trial court imposed its sentence in the mistaken belief that the Appellant was eligible for the State Drug Treatment Program [(SDTP)]?

Appellant's Brief at 4.

Appellant's issue raises challenges to the discretionary aspects of her sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006).... Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003)....

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra***, ***supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, we need not address whether Appellant has raised a substantial question for our review, or examine the merits of her claims, as we conclude that she has waived each of her sentencing challenges for our review. As set forth above, in her post-sentence motion, Appellant essentially asked the court to reconsider her term of incarceration because she wished to return to work and to support her children. She also asked the court to allow her to provide documentation that she did not appear for the sentencing hearing or attend the PSI interview because of medical appointments or hospitalizations. She did not raise in this motion the claims she now asserts on appeal, and she also did not orally raise them at the sentencing hearing.

For example, Appellant argues on appeal that the court effectively considered an improper PRS because two of her three PRS points were based on 2001 crimes, which "lapse" for purposes of calculating a PRS under the Eighth Edition Sentencing Guidelines. Appellant's Brief at 10. This claim was clearly not raised in Appellant's post-sentence motion. Moreover, although defense counsel mentioned this issue at the sentencing hearing, counsel did

not argue that Appellant's PRS was incorrect under the Eighth Edition Sentencing Guidelines.  ***See*** N.T. Sentencing at 5-6 (defense counsel's stating, "Her [PRS] is a three and that's why the range is what it is.  I would note that two of those points are from a forgery that was 23 or 24 years old in 2000.  ***I know that still counts.***  I also know that the new sentencing guidelines are deemphasizing the older counts.  So, I just ask Your Honor, to take that into consideration based on the new guidelines.") (emphasis added).  Because Appellant did not assert that her PRS was incorrect orally at the sentencing hearing, or in her post-sentence motion, that claim is waived for our review.  ***See Griffin***, 65 A.3d at 936 ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.  Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted).[2]

_____

[2] In any event, we would deem Appellant's claim wholly meritless.  "The [S]entencing [G]uidelines shall apply to all offenses committed on or after the effective date of the guidelines.  Editions or amendments to the [S]entencing [G]uidelines shall apply to all offenses committed ***on or after*** the effective date of the edition or amendment to the guidelines."  204 Pa. Code § 303a.2(a)(3) (emphasis added).  The effective date of the Eighth Edition is January 1, 2024.  ***See*** 204 Pa. Code § 303a.8.  Appellant acknowledges in her brief that her offense was committed on July 25, 2022.  ***See*** Appellant's Brief at 5.  Thus, any change in the sentencing guidelines would not apply retroactively to Appellant, and her claim that the court applied an incorrect PRS under the Eighth Edition of the Sentencing Guidelines would be meritless, even if not waived.

Likewise, Appellant has waived her argument on appeal that the trial court "abused [its] discretion in failing to credit [Appellant's] mental health issues as a mitigating factor in imposing her sentence." Appellant's Brief at 16. Appellant claims that the court ignored her counsel's argument that she suffers from bipolar disorder but "does well when properly medicated with a prescribed medication," and only turns to alcohol when she is not taking her medication. *Id.* at 18 (cleaned up). She insists her "behavior is more indicative of mental health struggles than an obstinate refusal to follow the law[,]" and that the court "erred in refusing to consider [her] mental health issues as a mitigating factor at sentencing." *Id.*

Again, this issue was not raised in Appellant's post-sentence motion, and she does not point to where in the record of the sentencing hearing that she raised it orally before the court. Consequently, it is waived. *See Griffin*, *supra*.[3]

_____

[3] Notwithstanding waiver, we would find no merit to Appellant's claim that the court ignored her mental health and alcohol issues. First, it is well-settled that "[w]here [PSI] reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (citation omitted). The court also considered mental health and drug/alcohol evaluations conducted on Appellant. The court listened to defense counsel's remarks about Appellant's mental health diagnosis and how it was linked to her use of alcohol. *See* N.T. Sentencing at 3-5. In imposing Appellant's sentence, the court acknowledged the "mental health component" of her case. *Id.* at 7. The court noted "that substance abuse is a common thing that you see with bipolar" disorder, and recognized that "self-medication [is] sort of an outlet[,] if you will." *Id.* However, the court also stressed that "being bipolar
*(Footnote Continued Next Page)*

Finally, Appellant also waived for our review her contention that the trial court imposed her sentence "based upon the mistaken belief that [Appellant] was eligible for the SDTP." Appellant's Brief at 18. This claim was not raised in Appellant's post-sentence motion. Furthermore, when the court mentioned at the sentencing hearing that Appellant "needs the benefit of the [SDTP,]" N.T. Sentencing at 12, Appellant lodged no objection to point out that Appellant was not eligible for that program. Accordingly, this claim is waived. **See Griffin**, **supra**.[4]

Judgment of sentence affirmed.

_____

doesn't prevent you from getting treatment[,] … from understanding right from wrong[,]" or "from accepting responsibility and being accountable." **Id.** The court further emphasized that Appellant failed to "show up for the PSI interview appointment" and "didn't comply with [c]ourt orders." **Id.** She also exhibited concerning behaviors during the mental health evaluation, including "irritability and manipulation," poor judgment, and "assigning blame to others for her actions[,]" which was "consistent with what [the court] witnessed … pretrial, [and] during trial…." **Id.** In sum, the court found that, even considering Appellant's mental health as a mitigating factor, it did not outweigh the aggravating factors or "her conduct throughout the course of this case." **Id.** Clearly, the court weighed the mitigating factor of Appellant's mental health and alcohol abuse issues. Therefore, even if not waived, Appellant's second issue would be meritless.

[4] As we just noted, the court only briefly mentioned the SDTP during the sentencing hearing, simply observing that Appellant would benefit from that program. **See** N.T. Sentencing at 12. We agree with the Commonwealth that "[n]owhere [did] the [t]rial [c]ourt even *imply* that the SDTP [was] the basis of its sentence." Commonwealth's Brief at 5 (emphasis in original). Thus, even if not waived, we would conclude that the court's cursory mention of the SDTP is insufficient to prove that the court based its sentence on an erroneous belief that Appellant was eligible for that program.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>9/4/2025</u>