J-A07020-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :             PENNSYLVANIA
                                                  :
                v.                             :
                                                  :
                                                  :
JESSE LEE BEAVERS                     :
                                                  :
               Appellant                    :      No. 389 MDA 2025

Appeal from the Judgment of Sentence Entered November 4, 2024
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000140-2022

BEFORE: BOWES, J., DUBOW, J., and NEUMAN, J.

MEMORANDUM BY DUBOW, J.:           **FILED: MAY 14, 2026**

      Appellant, Jesse Lee Beavers, appeals from the November 4, 2024 judgment of sentence entered in the Synder County Court of Common Pleas following his conviction for crimes relating to the falsification of records when attempting to purchase a firearm. Appellant challenges the weight of the evidence supporting his convictions and the discretionary aspects of his sentence. After careful consideration, we affirm.

      On November 10, 2020, Appellant entered Stuck Ridge Guns in Mount Pleasant Mills and signed Federal Bureau of Alcohol, Tobacco, and Firearms Form 4473 and Pennsylvania State Police Form 4-113 to purchase a Canik TP4 9mm pistol. On both forms, he falsely denied having any previous convictions punishable by more than one year of incarceration. The State Police denied the purchase because Appellant had previously been convicted in West Virginia of felony Grand Larceny and Murder in the Second Degree.

In March 2022, the Commonwealth charged him with four counts relating to the falsification of the forms. Appellant initially plead guilty on April 14, 2023, but withdrew his plea on August 22, 2024, prior to sentencing.[1]

On October 24, 2024, the trial court presided over a jury trial, at which Joseph Walter, an employee of Stuck Ridge Guns, testified regarding the forms submitted for the purchase of a firearm in Appellant's name, which included Appellant's driver's license information and purported signature. Mr. Walter acknowledged his signature in the portion of the form relating to the seller but denied signing Appellant's name as the purchaser. He also denied filling in the portion of the form relating to the purchaser's prior convictions. Mr. Walter stated that he did not specifically remember his interactions with Appellant, which occurred four years prior to trial.

The Commonwealth also presented the investigating state trooper, who testified regarding his audio- and video-recorded interview of Appellant, a portion of which the Commonwealth played for the jury. The trooper testified that during the interview Appellant admitted "that he signed the document" and that "he checked the box" indicating no prior relevant convictions. N.T. Trial, 10/24/24, at 59.

Appellant testified in his own defense. He claimed that he had not entered the store intending to buy a gun but instead was in the store, which included a hardware store, to buy siding with his landlord. He stated that he

---

[1] At the same hearing, the court found Appellant in contempt for failing to appear at his initially scheduled sentencing hearing in August 2023.

was "staring at the rifles" when an employee approached him. *Id.* at 92. He admitted to giving the employee his driver's license. While he claimed to not remember filling in the form, he acknowledged that the signature on the forms "look[ed] like his[.]" *Id.* He also asserted that he did not "think it was breaking the law" to fill out the forms. *Id.* at 90. Appellant averred that the employee with whom he interacted "had dark curly hair," in contrast to Mr. Walter who was bald. *Id.* at 91.

After hearing the evidence, the jury found Appellant guilty of one count each of Sale or Transfer of Firearms and Unsworn Falsification to Authorities in regard to the federal form and the same two crimes in relation to the state form.[2]

On November 4, 2024, after considering a pre-sentence investigation report, letters in support of Appellant, and Appellant's allocution, the court sentenced Appellant to 30 months to 7 years of incarceration for Sale or Transfer of Firearms relating to the federal form, with credit for time served. The court imposed a consecutive sentence of 6 to 12 months of incarceration for Unsworn Falsification and a fine of $1,000, relating to the federal form. Both sentences were in the standard range of the sentencing guidelines.[3] The

_____

[2] 18 Pa.C.S. §§ 6111(g)(4)(ii) and 4904(b), respectively.

[3] Given his prior record score of 5, the parties agreed that the standard range for the count of Sale or Transfer of Firearms was 27 to 33 months, while the standard range for the Unsworn Falsification count was Restrictive Sanctions to 6 months.

court found that the two convictions relating to the state form merged with the convictions related to federal form for sentencing.

On November 12, 2024, trial counsel filed a motion to withdraw. On December 4, 2024, the court denied the motion to withdraw but provided an extension for filing a post-sentence motion.[4] On December 17, 2024, Appellant filed a timely counseled post-sentence motion, claiming that the verdict was against the weight of the evidence and seeking reconsideration of the sentence. On the same day, the court permitted trial counsel to withdraw and appointed appellate counsel. On February 25, 2025, the court denied Appellant's post-sentence motion.

On March 24, 2025, Appellant filed a notice of appeal. After initial appellate counsel failed to file a timely Pa.R.A.P. 1925(b) statement, this Court remanded the case to the trial court. Following remand, Appellant, represented by new counsel, complied with Rule 1925, as did the trial court.

Appellant raises the following issues on appeal:

1. Were the verdicts of guilty on Counts #1 and #2 [Sale or Transfer of Firearms – Federal and State] against the weight of the evidence where the Commonwealth failed to produce any video evidence of [Appellant's] interactions within the store, failed to show any evidence of [Appellant's] signature independent of the alleged signed forms, failed to call any witnesses with independent recollection of [Appellant] being in the store, and failed to produce any evidence of intent to purchase a firearm?

---

[4] *See Commonwealth v. Moore*, 978 A.2d 988, 991 (Pa. Super. 2009) (holding that trial courts have "the authority to grant or deny Appellant an extension of time in which to file his post-sentence motion").

- 4 -

2. Were the sentences of thirty (30) months to eighty-four (84) months on Count #1 [Sale or Transfer of Firearms – Federal Form] and six (6) to twelve (12) months on Count #3 [Unsworn Falsification to Authorities – Federal Form] unreasonable where the trial court did not take into account the sentencing factors as set forth in 42 [Pa.C.S.] § 9721(b)?

Appellant's Br. at 6.

In reviewing a weight claim, an appellate court does not "consider the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003). "Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Id.* We will find an abuse of discretion only "when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias[,] or ill will." *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (citation omitted).

A trial court considering a challenge to the weight of the evidence may grant relief only if "the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted). "The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Champney*, 832 A.2d at 408 (citation omitted). "[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions"

the evidence that the jury chose to believe. ***Commonwealth v. Thompson***, 106 A.3d 742, 758 (Pa. Super. 2014) (citation omitted).

In the instant case, the jury convicted Appellant of the subsection of Sale or Transfer of Firearms statute that prohibits a person from knowingly and intentionally making "any materially false written statement, including a statement on any form promulgated by Federal or State agencies" "in connection with the purchase, delivery or transfer of a firearm." 18 Pa.C.S. § 6111(g)(4)(ii). The jury also found Appellant guilty of Unsworn Falsification to Authorities, requiring proof that he made "a written false statement which he does not believe to be true, on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable." ***Id.*** at § 4904(b).

Appellant claims that the weight of the evidence did not support the verdicts, specifically challenging the proof that he signed the forms and had the intent to purchase a firearm. Appellant's Br. at 11-15. Appellant posits that "[i]t remains tremendously more plausible that these forms were filled out without the Appellant's presence with the Appellant's driver[']s license that he gave the clerk while he was in the store." ***Id.*** at 14. Appellant emphasizes that the Commonwealth did not provide expert testimony to verify his signature, video evidence of him in the store, or testimony from a store employee identifying Appellant. ***Id.*** at 11-14.

After careful consideration of the record, we conclude that the trial court did not abuse its discretion in rejecting Appellant's weight claim. Trial Ct. Op.,

7/30/25, at 3-5 (unpaginated). As the trial court recounted, the Commonwealth introduced evidence showing that Appellant "was present at Stuck Ridge Guns on the day in question," "what appears to be the [Appellant's] handwriting and signature [] on the forms," and that Appellant "willingly gave an employee of Stuck Ridge Guns his license and identifying information to attempt to purchase a firearm." *Id.* at 5. Based on this evidence, the court opined that the "jury was well within their ability to weigh all the evidence presented to them[] and chose what evidence to believe and which witnesses to find credible." *Id.* As the record supports the court's analysis, we affirm the court's denial of relief.

In his second issue, Appellant challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, we must determine if Appellant invoked our jurisdiction, which requires us to consider (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) "whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal" pursuant to Pa.R.A.P. 2119(f); and (4) "whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode." *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013) (citation omitted).

We recognize that Appellant timely appealed, preserved his sentencing challenge in his post-sentence motion, and included a Rule 2119(f) statement in his brief. Accordingly, we next address whether Appellant has presented a substantial question for our review. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and internal quotation marks omitted).

In his Section 2119(f) Statement, Appellant claims that he presented a substantial question by asserting that the sentencing court failed to consider the Section 9721(b) factors, specifically the court did not address the fact that the "offenses were victimless crimes" or Appellant's rehabilitative needs. Appellant's Br. at 10. We conclude that Appellant has presented a substantial question. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (finding a substantial question where an appellant claims that the court failed to consider Section 9721(b) factors).

Appellant also asserts that he raised a substantial question by claiming that the court abused its discretion in imposing consecutive sentences because the crimes are similar such that "sound discretion would dictate a concurrent

sentence under the circumstances."[5] Appellant's Br. at 15-16. Our review of whether this presents a substantial question is not necessary because Appellant waived this challenge to the discretionary aspect of his sentence by failing to include it in his Pa.R.A.P. 1925(b) statement or his Statement of Questions in his brief. *See* Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 2116(b) (dictating waiver where discretionary aspects of the sentence claim is not included in the statement of questions).

It is well-established that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (citation omitted). To demonstrate an abuse of discretion, the defendant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).

An appellate court will affirm a sentence imposed within the guidelines unless it finds that "the case involves circumstances where the application of

---

[5] Specifically, Appellant claims that Unsworn Falsification was "essentially a lesser included offense" of Sale or Transfer of a Firearm. Appellant's Br. at 10. We emphasize that Appellant is not claiming that the crime is "formally a lesser-included offense," which would constitute a legality of sentence challenge not subject to the substantial question requirement of Section 9781(b). Appellant's Br. at 16; *see Commonwealth v. Watson*, 228 A.3d 928, 941 (Pa. Super. 2020) (recognizing that "[w]hether crimes merge for sentencing purposes implicates the legality of the sentence").

the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2).  In reviewing a sentence, we consider the following: "(1) [t]he nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) [t]he opportunity of the sentencing court to observe the defendant, including any presentence investigation[;] (3) [t]he findings upon which the sentence was based[; and] (4) [t]he guidelines promulgated by the commission." *Id.* at § 9781(d).

In imposing a sentence, the trial court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Id.* at § 9721(b).  Where the sentencing court possesses a presentence investigation report, we presume that the court was "aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (citation omitted).  Moreover, we defer to the court's assessment of the sentencing factors as it is "in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." *Commonwealth v. Summers*, 245 A.3d 686, 696 (Pa. Super. 2021) (citation omitted).

Appellant contends that the court abused its discretion in imposing its sentence because the crimes were victimless as they "resulted in no damage to anyone in the community."  Appellant's Br*.* at 15.  Appellant  emphasizes

- 10 -

that the "matter was of such little import" that the Commonwealth waited 18 months to charge him. *Id.* at 15. He also asserts that the court failed to account for his rehabilitative needs. *Id.* at 15.

We reject Appellant's claim as we find the court considered the requisite factors of Section 9721(b). The court recounted that it sentenced Appellant within the standard range, which had been "greatly impacted" by his prior record score of 5. Trial Ct. Op. at 6. The court explained that it "took into consideration the protection of the public and the gravity of the offense as it related to the community by stating how seriously damaging a convicted murder[er] being able to purchase a firearm could be on the community." *Id.* Moreover, the court addressed Appellant's rehabilitative needs, expressing concern for Appellant's ability to abide by the laws when Appellant "had previously absconded for over a year." *Id.* We conclude that the court did not abuse its discretion as it fully set forth its reasoning under Section 9721(b) both during sentencing and in its opinion.

As we reject Appellant's claims, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/14/2026

- 11 -